(No. 4201

EDWARD P. NEIWEEM AND CALVERT FIRE INSURANCE COMPANY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1950.*

HENRY L. ARNOLD, Attorney for Claimants.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Edward P. Neiweem has filed his complaint in this Court seeking to recover for personal injuries and property damage allegedly sustained as result of a collision near LaCrosse, Wisconsin, between a motor vehicle driven by him and a jeep driven by a Captain Baird, a chaplain on active duty with the Illinois National Guard, who on the date of the accident, July 29, 1948, was engaged in summer training maneuvers at Camp McCoy, Wisconsin, with the 33rd Artillery Division of the Illinois National Guard.

Calvert Fire Insurance Company, a Corporation, joins in Neiweem's complaint as a claimant by reason of a subrogation agreement between it and Neiweem, the company having paid to Neiweem the sum of $472.65 for damages to Neiweem's vehicle as result of said collision.

Respondent has filed a motion to dismiss the complaint and the action on the ground that this Court has no jurisdiction of this type of claim.

Respondent relies on *Myers* v. *State,* 17 C.C.R. 55, to sustain its contention that this Court is without jurisdiction. That case held that a member of the Illinois Reserve Militia on active duty was not an employee of the State of Illinois and therefore the State was not responsible for his negligence, and the Court further construed the following language of Section 8 C of the Court of Claims Act "the negligence of its officers, agents, and employees in the course of their employment" as being limited to the master and servant relationship. A vigorous dissenting opinion was written by Judge Eckert in the *Myers* case, and we agree with Judge Eckert and do

84

hereby overrule the holding in the *Myers* case that a
member of the Illinois Reserve Militia on active duty
is not an officer, agent and employee of the State.

A person in the armed forces of the United States
is an employee of the Government, 28 U.S.C., Sections
1346 (b), 2671; *Brooks* v. *U. S.,* 337 U. S. 49, 93 L. Ed.
884. The interpretation that we have given to Section 8 C
makes the position of this Court consistent with the Federal
Tort Claims Act, 28 U.S.C., Sections 1346 (b), 2671-
2680.

But does the overruling of portions of the *Myers*
case benefit claimants in this case? Our inquiry must
necessarily be directed now to the question of whether
Captain Baird, under the facts alleged in the complaint,
was an agent of the State of Illinois or the United States
of America. We think and do so hold that Captain Baird,
under the facts alleged in the complaint, was not an agent
of the State of Illinois but on the other hand was an
agent of the United States of America.

In reaching this conclusion, we have examined in detail
the provisions of the statutes of Illinois relating to
State Militia, Ill. Rev. Stat. 1949, Chap. 129, Sections
1-210, and we have compared that statute with the laws
of the United States relating to the National Guard, 32
U.S.C., Sections 1-195.

By reason of Article 1, Section 8, Paragraph 16, of
the Constitution of the United States, which reads as
follows:

"To provide for organizing, arming, and disciplining the Militia,
and for governing such part of them as may be employed in the Service
of the United States, reserving to the States respectively, the Appointment
of the Officers, and the Authority of training the Militia according
to the discipline prescribed by Congress,"

the laws of the United States relating to the National
Guard, 32 U.S.C., Section 1 et seq., are paramount.

For a State Militia to be subject to the Federal National Guard Statutes, it must have been federally recognized, 32 U.S.C., Sections 4, 4a and 4b. That the Illinois National Guard has been federally recognized is in this case certain by reason of the fact that summer training maneuvers were being conducted at Camp McCoy, Wisconsin.

Officers and enlisted men of the National Guard take a dual oath to obey the orders of the President of the United States and the Governor of the particular state, 32 U.S.C., Sections 112, 123, and this dual oath indicates that at certain times members of a State National Guard unit may be agents of the United States of America and at other times may be agents of a particular state. In fact, 32 U.S.C., Section 20, when compared with Section 194 leads to that conclusion. Said Section 20 reads as follows:

"Officers of the National Guard of the United States, while not on active duty, shall not, by reason solely of their appointments, oaths, commissions, or status as such, or any duties or functions performed or pay or allowances received as such, be held or deemed to be officers or employees of the United States, or persons holding any office of trust or profit or discharging any official function under or in connection with any department of the Government of the United States."

Said Section 194 reads as follows:

"No State or Territory or Puerto Rico or the Canal Zone shall maintain troops in time of peace other than as authorized in accordance with the organization prescribed under this title: *Provided,* That nothing contained in this title shall be construed as limiting the rights of the States and Territories and Puerto Rico and the Canal Zone in the use of the National Guard within their respective borders in time of peace: *Provided further,* That nothing contained in this title shall prevent the organization and maintenance of State or Territorial police or constabulary."

Since by Section 194 no state may order its National Guard used outside of its borders in time of peace, the Illinois National Guard while on summer training maneu-

vers at Camp McCoy, Wisconsin, in the summer of 1948 could only be under Federal jurisdiction and its members were, therefore, agents of the United States of America. July 29, 1948, for purposes of the National Guard, was a time of peace. 32 U.S.C., Section 164e; Cong. Res. July 25, 1947, Chap. 327, Section 3, 61 Stat. 451.

In view of the foregoing, the motion of respondent to dismiss the complaint and the action is hereby sustained and the action is dismissed.