**MESSER et al. v. UNITED STATES.**

No. 399.

United States District Court
N. D. Florida, Pensacola Division.

Feb. 5, 1951.

———◆———

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla. (George Earl Hoffman, U. S. Atty., Pensacola, Fla.), defense counsel.

Will O. Murrell, Jacksonville, Fla., plaintiff's counsel.

DE VANE, Chief Judge.

This suit is brought by plaintiffs against the United States under the Act of Congress of 1947, 60 Stat. 843, as amended, commonly known as the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The complaint alleges that Edgar E. Messer, at the time of the injuries herein sued upon, was a sergeant of the United States Army and that by virtue of his being a member of the Armed Forces of the United States his wife was entitled to hospitalization in a hospital operated by the Armed Forces of the United States.

The complaint further alleges that on or about February 7, 1950, Myrtle Alice Messer, the wife of plaintiff, Edgar E. Messer, was admitted to Tyndall Field Hospital, Tyndall Field, Florida, for an operation and medical treatment; that the operation made it necessary that plaintiff, Myrtle Alice Messer be anaesthetized and that the attending physicians negligently and wrongfully administered a spinal anaesthetic, the substance of which caused paralysis from which she has suffered total and permanent injuries. Plaintiff, Myrtle Alice Messer, seeks to recover for the injuries inflicted upon her and Edgar E. Messer, her husband, seeks to recover the expenses he has and will, in the future, incur to provide proper treatment and care for his wife, and for being deprived of the assistance and companionship which his wife would have given him had she not suffered the total and permanent injuries from the alleged negligent operation.

Defendant, relying upon the Feres, Jefferson and Griggs cases, decided by the Supreme Court of the United States December 4, 1950, Feres v. United States, 340 U. S. 135, 71 S.Ct. 153, moves to dismiss the complaint, in so far as it pertains to the plaintiff, Edgar E. Messer, upon the ground that he was on active military duty in the service of the United States at the time his wife entered the hospital and submitted to the operation. Defendant contends that because Edgar E. Messer was a member of the Armed Forces at the time of the injuries and by reason of such fact his wife was admitted to the Government hospital he is not entitled to sue under the Federal Tort Claims Act.

Plaintiff contends, with equal vigor, that the decision just referred to is not controlling in this case, but that the decision of the United States Supreme Court, in Brooks v. United States, 337 U.S. 49, 69 S. Ct. 918, 93 L.Ed. 1200 is controlling here.

 I agree with plaintiff. The injuries suffered by plaintiff, Edgar E. Messer, for which recovery is sought, were not "incident to the Service" he was rendering as a member of the Armed Forces of the United States. The law, 38 U.S.C.A. § 701 et seq., providing benefits to members of the Armed Forces for injuries received "incident to the Service" has no application to a case of this character. The motion to dismiss as to Edgar E. Messer will be denied.

Defendant has also filed a motion to dismiss as to both plaintiffs, on the ground it is not alleged in the complaint that defendant, or its officers or employees, charged with duties of administration and operation of the Tyndall Field Hospital, were negligent in the selection and assignment to the duties and functions required to be performed in the operation upon plaintiff, Myrtle Alice Messer, who did, in fact, attend and administer to said plaintiff, in connection with the matters and things alleged in the complaint.

■ The question attempted to be raised by the motion is whether the physicians assigned to perform the operation were, in fact, employees of the Government or physicians performing services for the Government, under contract. The question presented may not properly be raised by motion to dismiss. It will be necessary to present it by pleadings and proof, and for this reason, this motion to dismiss will be denied.