(Nos. 4452-4453—Consolidated—Claimants awarded $1,500.00 and $3,500.00, respectively.)

MARGARET C. BROWN, ADMX., ESTATE OF RCT. DONALD A. BROWN, N.G. 26 349 763, No. 4452; MABEL T. GROSS, ADMX., ESTATE OF PRIVATE JOHN R. GROSS, DECEASED, 2ND. BN., 132D INF. REGT., HD. CO., N.G. 26 348 960, No. 4453, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 31, 1953.*

WALTER A. EDMISTON, Attorney for Claimants.

LATHAM CASTLE, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

These two cases were consolidated, because they arose out of the same accident, and involve virtually the same factual and legal questions.

On July 5, 1950, Donald A. Brown was a recruit, and John R. Gross was a private in the 132nd Infantry Regiment of the 33rd Division, Illinois National Guard. Such Regiment and Division were undergoing summer training at Camp McCoy, Wisconsin, pursuant to orders of the National Guard Bureau, Department of the Army, Washington, D. C.

On the day in question, while in the line of duty under competent orders, and not under the influence of liquor or drugs, a jeep, in which Brown and Gross were

riding with a superior officer, was struck by an ambulance belonging to the U. S. Army, and operated by Regular Army personnel, which personnel was a part of the Regular Army complement permanently based at Camp McCoy as the housekeeping detail. As a result of the collision, both Brown and Gross were killed.

It is clear that the negligence of Regular Army personnel caused the deaths of Brown and Gross, and it is also conceded that Brown and Gross were engaged in activities by virtue of which benefits could be and were being paid under Public Law 108, 32 U.S.C., Sec. 160a-c, U.S. Code Cong. Service, 81st Cong., 1949, Vol. 1, p. 207.

Under decisions of the federal courts, heirs and dependents of Brown and Gross would have no cause of action under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671, et seq., against the United States, but would have only the benefits of Public Law 108 available to them. *Feres* vs. *U. S.*, 340 U.S. 135; 95 L. Ed. 152, Cf. *Brooks* vs. *U. S.*, 337 U. S. 49; 93 L. Ed. 1200.

This Court has twice held that the entitlement to benefits under Public Law 108 does not act as a bar to recovery against respondent. *Dudley* vs. *State*, No. 4287, opinion filed June 11, 1952; *Sypniewski* vs. *State*, No. 4527, opinion filed March 20, 1953. The remedies available under the Military and Naval Code of Illinois were held to be cumulative.

However, claimants herein seek recovery under the Illinois Injuries Act (Wrongful death), Ill. Rev. Stat., 1949, Chap. 70, Sec. 1. Aside from the fact that the accident in these cases occurred outside Illinois, and such statute has no extra territorial application, this Court has previously held that the only remedy

an heir or dependent of a deceased national guardsman can have against respondent is by the Military and Naval Code, Ill. Rev. Stat., 1949, Chap. 121, Sec. 143. *Charles, Admx.* vs. *State*, 8 C.C.R. 371.

Also, this Court has held that under Sec. 143 of Chap. 129 it is immaterial whether a claimant sues as an heir or dependent, or that the personal representative brings the action for their benefit. *Reddick* vs. *State*, 2 C.C.R. 84; *Witte* vs. *State*, 1 C.C.R. 249.

Said Sec. 143 reads as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed, or sustains an injury to his property while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the Commander-in-Chief is authorized to relieve emergency needs upon recommendation of a board of three officers, one of whom shall be an officer of the medical department."

Applying the facts of these cases to the above statute, we find as follows:

Margaret Brown was the mother of Donald A. Brown, and was divorced from his father. The deceased, who was 16 years of age at the time of his death, was in the custody of his mother, and she was paid $325.00 per month as alimony, of which $50.00 per month was for the support of the deceased. Mrs. Brown received $450.00 from the United States under Public Law 108, and the father, who paid the funeral bill, was paid $100.00 by the United States. It is apparent that the parents of Donald A. Brown had high hopes for their son, including boarding school and college education, and the record also discloses that the deceased son was of real assistance materially and emotionally to his mother. Although it could be demonstrated that Mrs. Brown suffered no direct financial loss as the result of the

death of her son, numerous decisions under the Illinois Injuries Act, and previous decisions of this Court under the Military and Naval Code have held that the death of a minor son gives rise to more than nominal damages. *Sanders* vs. *State*, 6 C.C.R. 151; *Jamison* vs. *State*, 7 C.C.R. 190; *Franklin* vs. *State*, 10 C.C.R. 535. We, therefore, believe that Margaret A. Brown is entitled to an award of $1,500.00.

Mabel T. Gross was the mother of John R. Gross, who was in his twenties at the time of his death. Mabel T. Gross was divorced from her husband, and for several years had received no financial contribution from him. John R. Gross was married five weeks before his death, and his widow was receiving $75.00 per month under Public Law 108, plus $100.00 paid by the United States to apply on the funeral bill. The record indicates that John R. Gross had been accustomed to contribute ten to fifteen dollars per week to assist his mother, and that, although no payments were made during the five weeks of his marriage, it is a certainty that the deceased son would have contributed to his mother's support after his marriage, since both he and his wife were employed. Mabel T. Gross was sickly, and earned only about $1,500.00 per year in part time employment. Under all the circumstances, we believe that Mabel T. Gross is entitled to an award of $3,500.00.

In arriving at the amounts of the awards in these cases, we have not overlooked the long line of cases, commencing with *Williams* vs. *State*, 3 C.C.R. 209, which indicate that the Workmen's Compensation Act is a guide. However, it is only a guide, and is neither a ceiling over, nor a floor under our awards. *Dudley* vs. *State*, No. 4287, opinion filed June 11, 1952. We are

also mindful of numerous decisions that comment on the decreased purchasing power of the dollar today. It is with all these criteria in mind that we have arrived at the amount of the awards herein.

An award is, therefore, entered in favor of claimant, Margaret C. Brown, individually, in the sum of $1,500.00.

An award is, therefore, entered in favor of claimant, Mabel T. Gross, individually, in the sum of $3,500.00.