Frank O. Evans, U. S. Atty., Jack J. Gautier, Asst. U. S. Atty., Macon, Ga., for defendant.

### BENTLEY v. UNITED STATES.
### Civ. A. No. 400.

United States District Court
M. D. Georgia, Albany Division.
Aug. 4, 1954.

BOOTLE, District Judge.

This action was filed under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., to recover for the alleged negligent death of Sergeant Frank J. Bentley by his widow and sole surviving heir at law. It is alleged that the deceased met his death as follows:

"4.

"That the defendant, acting by and through certain members of the military personnel of the United States (whose names and identities are not known to the plaintiff, but well known to the defendant) being certain officers and men, then stationed at Wichita Air Force Base, Wichita, Kansas, on or about August 16, 1952, negligently and carelessly committed certain acts and omissions, which will be hereinafter more particularly specified, causing the death of her said husband, Staff Sergeant Frank J. Bentley, thereby injuring and damaging her in the full sum of Thirty Three Thousand Nine Hundred Forty One ($33,941.00) Dollars, by virtue of the following facts:

"5.

"Plaintiff's husband S/S Frank J. Bentley, a member of the United States Air Force, was traveling, in line of duty,

from Albany, Georgia, to Edwards Air Force Base, California. In the course of his journey and just prior to reaching Wichita, Kansas, and while a passenger upon the Atchison, Topeka and Santa Fe Railway Company train, became violently insane and upon arrival at Wichita was taken from the train and placed in custody of personnel of Wichita Air Force Base. The next afternoon he was permitted to board another train of the same railroad company for continuation of his journey and after this train had proceeded to a point near Kingman, Arizona, Sergeant Bentley either fell or jumped from the moving train, and some several hours later his body was discovered by railroad employees in charge of the maintenance of the tracks.

"6.

"Plaintiff alleges that the officers and men of the Wichita Air Force Base, referred to in Paragraph 4, were negligent while acting for the defendant, within the scope of their authority, and in line of duty, in the following respects:

"(a) In failing to detain Sergeant Bentley at the Wichita Air Force Base until he had sufficiently recovered and his nervous system had become stabilized;

"(b) In allowing him to continue his journey upon the railroad train without supplying and affording to him adequate and sufficient attendants to insure his safety in the event of a recurrence of his insanity.

"Plaintiff says that these acts of negligence were the sole and proximate cause of the death of her husband, and that under the laws of the State of Kansas, where the negligence occurred, same would have been actionable had they been committed by a private employer."

Plaintiff pursuant to Federal Rules of Civil Procedure, Rule 34, 28 U.S.C.A., filed her motion that the United States "be required to produce and permit the inspection, copying and photographing of the following documents in the possession of the defendant:

"The report of the Army Air Force investigation into the cause of the death of Staff Sergeant Frank J. Bentley, AF 20402901, 5410 Air Base Wing, United States Air Force, on or about August 17, 1952, while a passenger on the AT & SF Railway Company passenger train near Kingman, Arizona, including all signed statements and documents in the possession of the defendant pertaining to or in any wise relating to the cause of the death of the said Sergeant Bentley."

and alleged that said documents are not privileged and contain material evidence for the plaintiff.

The defendant has not formally answered the motion to produce but upon oral argument of the motion insisted that the plaintiff be held to the requirement of showing "good cause."

While the complaint alleges in Paragraph 5 quoted above that the decedent was traveling "in line of duty," upon oral argument of the motion, counsel for plaintiff stated his contention that the deceased was actually "on transfer leave." Plaintiff's counsel also made it appear that he had requested the information here sought from the proper Department of the Government and was advised that it could not be furnished except pursuant to court order. Doubtless hereafter questions will arise like those dealt with in Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, and Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, but the immediate question is what to do with the motion.

It is not claimed that the documents sought are "privileged" for national security reasons or otherwise or that they contain information of a "classified nature." We are not concerned, therefore, with the problems solved in United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727.

█ It is clear that in litigation properly brought under the Federal Tort Claims Act the United States is "on a par with private litigants." Cresmer v. United States, D.C., 9 F.R.D. 203, 204; Wunderly v. United States, D.C., 8 F.R.D. 356. The Federal Rules of Civil Procedure apply to litigation under the Federal Tort Claims Act. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

Cresmer v. United States, supra, was an action under the Federal Tort Claims Act for death of an intestate killed by the crash of a Government airplane. The Court permitted the plaintiff to inspect and copy the record or report of the investigation by the Navy Board of Investigation. The Court said: "In the absence of a showing of a war secret, or secret in respect to munitions of war, or any secret appliance used by the armed forces, or any threat to the National security, it would appear to be unseemly for the Government to thwart the efforts of a plaintiff in a case such as this to learn as much as possible concerning the cause of the disaster."

Wunderly v. United States, supra, held that in an action under the Federal Tort Claims Act to recover for damage resulting from the collision between the plaintiff's automobile and an Army jeep, the plaintiff was entitled to compel the United States to answer interrogatories as to a statement made by a major in official Army correspondence with his commanding officer concerning the collision.

Evans v. United States, D.C., 10 F.R.D. 255, 258, was an action under the Federal Tort Claims Act to recover for the negligent death of a decedent caused by an Air Force plane falling upon her while she was picking cotton along with approximately 100 other Negroes in a large open cotton field in Bossier Parish, Louisiana. The plaintiff's motion to produce alleged that all sources of information with respect to what caused the accident were in the possession of the Government, whose officers refused complainants' request to see them and that complainants have no other source from which the information sought could be had. With respect to this showing, the Court held "the same constitutes good cause sufficiently within the meaning of the rule justifying the granting of the motion to produce."

In United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727, widows of civilian observers aboard military aircraft which crashed while on flight to test secret electronic equipment sued under the Federal Tort Claims Act and moved under Rule 34 for production of Air Force accident investigation reports and statements by crew members. Apparently the motions would have prevailed but for the claim of privilege.

█ The plaintiff is a widow at Albany, Georgia. The acts of negligence are laid in Wichita, Kansas, with death occurring later in Arizona. The Department of the Air Force naturally made a thorough investigation to ascertain the cause of death of this airman. The widow is entitled to the information she seeks. The magnanimity of the sovereign in laying aside its immunity from suit to the extent expressed in the Federal Tort Claims Act must be paralleled by a fairly liberal interpretation of procedural provisions to the end that, in the case of a tragedy under such unusual circumstances as these, the facts may be known by the next of kin.

The Court has carefully read the report and signed statements sought and sees no reason why they should not be examined by plaintiff's counsel.

The motion is hereby granted.