**Neil H. WEISERBS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 61–C–290.

United States District Court
E. D. New York.

Nov. 16, 1961.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., by Philip Silverman, Asst. U. S. Atty., New York City, on the motion.

William J. Butler, New York City, by James J. Bierbower, Washington, D. C., in opposition.

RAYFIEL, District Judge.

This is a motion under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the complaint herein on

the ground (1) that it fails to state a claim upon which relief can be granted, and (2) that this court does not have jurisdiction over the subject matter of the second claim.

The complaint alleges two causes of action. The first, based on negligence, is brought under the Federal Tort Claims Act, Section 1346(b) of Title 28, U.S. Code. The second is based on breach of contract, pursuant to the Tucker Act, Section 1346(a) (2) of said Title.

In the first cause of action the plaintiff alleges that the U. S. Navy, in which he served for four and one-half years, was negligent in failing to properly diagnose a serious heart ailment from which he suffered, in failing to give him proper medical treatment, in compelling him to obtain private medical treatment while on leave and undergo a serious heart operation which the Navy refused to have performed for him.

In the second cause of action he alleges that he had a contract with the Government under which it agreed (1) to furnish him with necessary medical care and treatment while he was on active service with the U. S. Navy from 1956 through mid-1960, and (2) that the Government's agents, servants and employees would use due care and exercise ordinary professional skill in the medical treatment and hospitalization furnished to him. He alleges, further, that the Government failed to furnish him with medical care, and that its agents, servants and employees failed to use ordinary professional skill in their diagnosis of his condition and their failure to perform necessary operations, etc., by reason whereof he incurred substantial expense.

The case comes squarely within the ruling made in the case of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L. Ed. 152. There the Supreme Court held, at page 146, 71 S.Ct. at page 159, "We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen *where the injuries arise out of or are in the course of activity incident to service.* Without exception, the relationship of military personnel to the Government has been governed exclusively by *federal law.* We do not think that Congress, in drafting this Act, created a new cause of action dependent on local law for service-connected injuries or death due to negligence. We cannot impute to Congress such a radical departure from established law in the absence of express congressional command." (Emphasis mine.)

■■ Treating the allegations of the complaint most favorably to the plaintiff, as we must, he cannot, nevertheless, recover, inasmuch as the injuries and illness he allegedly suffered were incident to his naval service. The fact that he was on leave or furlough when he underwent an operation does not bring his case within the scope of Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, as he argues. The Feres case, supra, 340 U.S. at page 146, 71 S.Ct. at page 159, makes the distinction which is applicable here: *"The injury to Brooks did not arise out of or in the course of military duty.* Brooks was on furlough, driving along the highway, under compulsion of no orders or duty and on no military mission. A Government owned and operated vehicle collided with him. Brooks' father, riding in the same car, recovered for his injuries and the Government did not further contest the judgment but contended that there could be no liability to the sons, solely because they were in the Army. *This Court rejected the contention, primarily because Brooks' relationship while on leave was not analogous to that of a soldier injured while performing duties under orders."* (Emphasis added.)

The basis of the claim stated in the first cause of action in the case at bar is clearly incident to his naval service, and, hence, distinguishable from the Brooks case.

■ As to the second cause of action, that too, is barred. What the plaintiff seeks thereunder is compensation for the medical expenses incurred by him. Section 1346(d) (2) of Title 28, U.S.Code specifically states:

"(d) The district courts shall not have jurisdiction under this section of:

\*    \*    \*    \*    \*    \*

(2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

The motion is granted and the complaint herein is dismissed.

Settle order on notice.