**Maxim WATT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 64–C–1104.**

United States District Court
E. D. New York.

June 28, 1965.

On Motion for Reargument Aug. 6, 1965.

George Grollman, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., E. D. New York, for defendant, George L. Barnett, Asst. U. S. Atty., of counsel.

BRUCHHAUSEN, District Judge.

The defendant moves for summary judgment, dismissing the complaint.

The plaintiff seeks to recover damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for personal injuries allegedly sustained by him on November 13, 1962, while he was a patient in the United States Army Hospital at Fort Jay, New York. He claims that a portable telephone stand, due to a defect, tipped over and fell on his foot, injuring it.

The plaintiff was in active service as a member of the United States Military Forces for a number of years until his retirement on July 31, 1951.

The defendant contends that a retired serviceman may not sue under the Federal Tort Claims Act.

█ The said Act waives sovereign immunity to the extent that an individual, sustaining personal injuries through the negligence of a Government employee while acting within the scope of his office or employment, may institute suit against the Government, provided that it be a case where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The statute contains no express provision, barring claims made by military personnel but there is case law on the subject.

■ THE GOVERNMENT IS NOT LIABLE TO A SERVICEMAN WHERE HIS INJURIES ARISE OUT OF OR ARE IN THE COURSE OF ACTIVITY, INCIDENT TO SERVICE IN THE MILITARY FORCES.

In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, the Court considered three appeals, viz.:

Feres, while on active duty, perished by fire in an army barracks;

Jefferson, while on active duty, was operated upon in an army institution and sought damages for malpractice;

Griggs made a like claim.

The Court stated:

"The common fact underlying the three cases is that each claimant, while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces.

* * *

"This Court, in deciding claims for wrongs incident to service under the Tort Claims Act, cannot escape attributing some bearing upon it to enactments by Congress which provide systems of simple, certain, and uniform compensation for injuries or death of those in armed services.

* * *

"We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."

■ A SOLDIER INJURED IN AN ACCIDENT, NOT INCIDENT TO HIS ARMY SERVICE, MAY SUE AND RECOVER DAMAGES FOR HIS INJURIES.

In Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, it appears that the plaintiff, while riding in an au-

tomobile, sustained personal injuries in a collision with a mail truck. The Court, in upholding the claim said:

"* * * We are dealing with an accident which had nothing to do with the Brooks' army careers, injuries not caused by their service except in the sense that all human events depend upon what has already transpired. Were the accident incident to Brooks' service, a wholly different case would be presented."

In Feres v. United States, supra, the Court said:

"The actual holding in the Brooks case can support liability here (in the Feres case) only by ignoring the vital distinction there stated. The injury to Brooks did not arise out of or in the course of military duty. Brooks was on furlough, driving along the highway, under compulsion of no orders or duty and on no military mission. A Government owned and operated vehicle collided with him. Brooks' father, riding in the same car, recovered for his injuries and the Government did not further contest the judgment but contended that there could be no liability to the sons, solely because they were in the Army. This Court rejected the contention, primarily because Brooks' relationship while on leave was not analogous to that of a soldier injured while performing duties under orders."

In United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139, the Court upheld the claim under the Tort Claims Act made by a discharged veteran for damages for negligence in the treatment of his knee in a Veterans Hospital. The injury to his knee occurred while he was on active duty in the armed services and led to his discharge in 1944. The operation was performed in 1950. The Court said:

"The injury for which suit was brought was not incurred while respondent was on active duty or subject to military discipline. The in-

jury occurred after his discharge, while he enjoyed a civilian status. * * *

"Certainly this claim is one which might be cognizable under local law, if the defendant were a private party. Responsibility of hospitals to patients for negligence may not be as notorious as the liability of the owners of automobiles. But the doctrine is not novel or without support."

### THE PLAINTIFF'S CLAIM DID NOT ARISE OUT OF OR IN THE COURSE OF HIS ACTIVITY, INCIDENT TO SERVICE IN THE MILITARY FORCES.

In upholding the claim made in Brooks v. United States, supra, the Court pointed out that the plaintiff was on furlough when injured and thus that the accident did not occur while he was in the course of military duty.

A soldier on furlough is closer to military duty than one discharged from service, as was the plaintiff.

Upon the authority of Brooks v. United States, this Court is constrained to deny this motion. Whether or not the plaintiff sustained injuries owing to the negligence of the defendant is a matter for the determination of the trial court.

Settle order on notice.

### On Motion for Reargument

The defendant moves for reargument of its prior motion for summary judgment.

The facts, other than the claim of negligence are not in dispute. The plaintiff after service for a number of years in the United States Military Forces, retired on retirement pay. Some eleven years after retirement, while a patient in a United States Army Hospital, he claims that a portable telephone stand, due to a defect, tipped over and fell on his foot, injuring it. He seeks to recover damages therefor, under the Tort Claims Act.

It is not disputed that a retired soldier, continues in the military service of the Government, is subject to military discipline and has claim for medical and dental care in military institutions. In this connection, while of slight significance, it should be noted that, pursuant to 10 U.S.C. § 1074(a) (b) a soldier "on active duty" is "entitled" to such care, whereas a retired soldier "may, upon request," be given such care "subject to the availability of space and facilities and the capabilities of the medical and dental staff." In other words, the furnishing of such care to a retired soldier is discretionary, not mandatory.

The Government may not be held liable under the Tort Claims Act to a claimant sustaining injuries while in active military service. In Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 the Court held that there is no liability "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."

On the other hand where the injuries do not arise out of or in the course of military duty, the Government may be held liable as was the situation in Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200. In the Feres case, supra, the Court alluded to the Brooks case and stated:

"The injury to Brooks did not arise out of or in the course of military duty. Brooks was * * * under compulsion of no orders or duty and on no military mission. * * * Brooks' relationship while on leave was not analogous to that of a soldier injured while performing duties under orders."

The plaintiff was not in active military service when he sustained the alleged injuries and therefore is not barred from pursuing his remedy under the Tort Claims Act.

The defendant's motion is denied and the original decision is adhered to.