Joseph B. SHEPPARD, Sr., Administrator of the Estate of Joseph B. Sheppard, Jr., and Anthony G. Moccia, Administrator of the Estates of William Bradley Breon and Michael J. Mondo, Jr.

v.

UNITED STATES of America.
Civ. A. No. 42958.

United States District Court
E. D. Pennsylvania.
Jan. 8, 1969.

Stephen M. Feldman, Philadelphia, Pa., for plaintiffs.

Drew J. T. O'Keefe, U. S. Atty., Joseph H. Reiter, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

JOSEPH S. LORD, III, District Judge.

This is an action in which our jurisdiction is invoked under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2671 et seq. The Government has moved to dismiss on the ground of *res judicata*.

In 1966, these same plaintiffs filed a complaint in this court (Civil Action No. 40541) seeking to recover the same damages arising out of the same accident here involved. That complaint alleged negligence of "members of the United States Air Force and others." The defendant moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim on which relief could be granted. On July 27, 1966 Judge John Morgan Davis granted the motion. The Court of Appeals affirmed, *per curiam*, Sheppard et al. v. United States, 369 F. 2d 272 (C.A. 3, 1966), holding that the action was properly dismissed "for lack of jurisdiction over the subject matter." We are required, then, to determine initially whether we have subject-matter jurisdiction over this action, and this before we reach any question of *res judicata*. F.R.Civ.P. 12(h) (3).

The only difference between Civil Action No. 40541 and this one is that here the complaint alleges negligence of "defendant's civilian, non-military agents * * *, to wit, members of the United States Federal Aviation Agency * * *." Thus, the narrow question posed is: where the allegedly culpable government agents are not members of the military, are plaintiffs within the coverage of the Act, or do we look solely to plaintiffs' status as members of the military on active duty and the injury as one incident to and arising out of the course of military duty?

In Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), members of the armed forces, whose vehicle was struck by an army truck, were held covered by the Act, but only because they were on furlough at the time.

However, the Court said, at page 52, 69 S.Ct. at page 920: "* * * Were the accident incident to the Brooks' service, a wholly different case would be presented. * * *"

In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Court had before it three cases all involving the death of or injury to servicemen on active duty as a result of the alleged negligence of other members of the military. After stating this fact as common to all three cases, the Court put the legal question this way (ibid., p. 138, 71 S.Ct. p. 155):

"* * * The only issue of law raised is whether the Tort Claims Act extends its remedy to one sustaining 'incident to the service' what under other circumstances would be an actionable wrong. * * *"

And at 340 U.S. p. 146, 71 S.Ct. p. 159 the Court said:

"We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service. Without exception, the relationship of military personnel to the Government has been governed exclusively by federal law. We do not think that Congress, in drafting this Act, created a new cause of action dependent on local law for service-connected injuries or death due to negligence. * * *"

Of the *Brooks* case, the Court said, at page 146, 71 S.Ct. at page 159:

"* * * The actual holding in the Brooks Case can support liability here only by ignoring the vital distinction there stated. The injury to Brooks did not arise out or in the course of military duty. * * *"

In *Feres*, there is no reference, except as a mere statement of fact, to the military status of the primary tort feasors, and certainly no reliance on that fact. Indeed, the reasons given for the decision in *Feres* are concerned solely with the plaintiff,—his status, his relation-

ship with the Government-defendant and the consequences and circumstances flowing from that status and relationship. Thus, at pages 141–142, 71 S.Ct. at page 157, the Court reasoned that the Act does not create new causes of action, but merely accepts liability under circumstances where there would be private liability. "We know of no American law which has ever permitted a soldier to recover for negligence, against either his superior officers or the Government he is serving." Since no private individual can mobilize an army, there is no parallel private liability. At pages 142–143, 71 S.Ct. at pages 157–158, the Court points out that since claims under the Act are governed by the law of the place of the wrong, and since servicemen on active duty have no choice of their place of service, it would not be a rational plan to subject them to laws which fluctuate according to geographic considerations. At pages 143–144, 71 S.Ct. at page 158: the relationship between the Government and members of its armed forces is " 'distinctively federal in character,' " and ought to be governed by federal law. "No federal law recognizes a recovery such as claimants seek." Finally, since Congress has provided "simple, certain, and uniform compensation for injuries or death of those in the armed services," it did not intend coverage under this Act.

It is immediately apparent that the substitution of negligent non-military personnel in place of military personnel would have no effect on these *rationes decidendi.* Precisely the same considerations would obtain and we see no reason why the same result should not follow.

Finally, in United States v. Brown, 348 U.S. 110, 113, 75 S.Ct. 141, 144, 99 L.Ed. 139 (1954), the Court pointed unerringly, we think, to the criterion established by *Feres*: "\* \* \* We adhere also to the line drawn in the Feres Case between injuries that did and injuries that did not arise out of or in the course of military duty. \* \* \*"

United States v. Lee, 400 F.2d 558 (C.A.9, 1968), was a case arising out of the very accident here involved. The District Court had adopted the argument advanced by these plaintiffs and denied a motion to dismiss. Lee et al. v. United States, 261 F.Supp. 252 (C.D. Cal.1966). The Court of Appeals reversed.

We think the conclusion of the court in *Lee* is inevitable that the "status of the deceased or injured person controls. If his injury or death was connected with the military, the claimant may not recover under the Tort Claims Act." United States v. Lee, 400 F.2d 558, 562 (C.A.9, 1968).

The view that we take receives at least inferential support, we think, from the Court of Appeals opinion in the earlier case by these plaintiffs. The opinion (369 F.2d 272) refers simply to the fact that the decedents were killed "while they were on active duty, in the course of activity incident to that duty." There is no reference to the fact that the plane was operated by military personnel, and apparently this fact was considered of no significance.

When this case first came before us, we invited the Government to file an amended motion to dismiss alleging lack of subject-matter jurisdiction. For reasons that elude us and which have not been explained, the Government intransigently rejected our invitation. However, we have concluded that these plaintiffs' decedents are not covered by the Act because of their duty status and the fact that the deaths arose out of and were "in the course of activity incident to that duty." Sheppard v. United States, supra. Under these circumstances, there is "lack of jurisdiction over the subject matter," ibid., and we have no choice but to dismiss the action.

It is so ordered.