IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50258
Summary Calendar
_____


RICKY FARIAS,

                                Plaintiff-Appellant,

                    versus

DEPARTMENT OF THE UNITED STATES AIR FORCE,

                                Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Texas
(SA-96-CV-19)
_____

September 25, 1996
Before REAVLEY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ricky Farias appeals the dismissal on grounds of
frivolousness of his lawsuit (28 U.S.C. 1915(d)) against the
Department of the Air Force for personal injuries allegedly
caused by defendants' negligence and wrongful acts while
plaintiff was in training in the United States Air National
Guard.  We affirm for the following reasons:

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

1. Plaintiff Farias initially brought administrative claims on this matter before the Air Force Legal Services Agency, which denied relief on the grounds that Section 2733(b)(3) of the Military Claims Act (MCA) (Title 10 U.S.C. Sections 2731-2737) bars payment for an employee's personal injuries which are incident to the employee's service. Additional investigation by the Air Force revealed no negligent or wrongful acts which caused injury to plaintiff.

2. Plaintiff's federal court complaint was also brought under the Military Claims Act, did not present any new facts nor raise any constitutional issues. In its dismissal, the District Court properly ruled that it lacked subject matter jurisdiction to review a final decision of the Air Force Legal Services Agency, when no constitutional claim was made. Under the provisions of the MCA and Fifth Circuit decisions, the agency ruling is therefore deemed a "settlement" of the claim which is "final and conclusive," Title 10 U.S.C. § 2753. *Poindexter v. United States,* 777 F.2d 231, 232 (5th Cir. 1985).

3. Plaintiff was at first permitted to proceed *in forma pauperis* pursuant to Title 28 U.S.C. Section 1915, for both his District Court action and his appeal to the Fifth Circuit. Section 1915(d) authorizes the dismissal of frivolous claim when it lacks an arguable basis in law or in fact. *Neitzke v. Williams,* 490 U.S. at 325, 109 S.Ct. at 1831-32.

4.   On appeal, Plaintiff Farias states that he misclassified his administrative claim under the Military Claims Act, but should have submitted it under the Federal Tort Claims Act.  Farias apparently communicated this intention in a letter sent to the District Court and received January 8, 1996, and now argues that the District Court should have *de novo* review of his claims.  Even if the District Court did find that it had subject-matter jurisdiction over the claims, the dismissal of Plaintiff's claim as frivolous under Section 1915(d) is proper.  The Federal Tort Claims Act has been construed to give district court jurisdiction over claims brought against the government based on negligence and for injury or death not incident to military service. *Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918.  However, Farias' claim does not present an arguable basis for relief either in law or fact, and is therefore subject to dismissal as frivolous.  Title 28 U.S.C. Section 1915 (d), and *Neitzke v. Williams*, 490 U.S. at 325, 109 S.Ct. at 1831-32.

AFFIRMED.

4