LUCERO, Circuit Judge,
concurring.
Neither disagreement with the result reached, nor the analysis pursued by the majority prompt me to write separately in this case. I thus join the majority opinion. *379 What does prompt me to write separately is my concern that the Feres doctrine, Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), used here to bar claims arising from sexual assault, has grown far afield from the unremarkable facts that led to its pronouncement by the Court in 1950.
Our circuit’s holding in Pringle, interpreting Feres’ “incident to service” language to apply to “all injuries suffered by military personnel that are even remotely related to the individual’s status as a member of the military,” Pringle, 208 F.3d 1220, 1223-24 (10th Cir.2000) (citations omitted), compels the result we reach today. So broad is that language that, remarkably, we now consider sexual assault as “incident to service.” As noted in the majority opinion, a case factually similar to this one—barring recovery for sexual assault of a female airman—was not considered precedential. See, e.g., Corey v. United States, No. 96-6409, 1997 WL 474521 (10th Cir. Aug. 20, 1997) (unpublished). Nor under the broad Feres-Pringle standard, is this case precedential.
Because neither the facts nor the holding in Feres suggest that the Supreme Court intended such an expansive reach, it is my belief that such an interpretation should be reconsidered. Notably, the year before Feres was decided, the Supreme Court heard Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949).[1] In Brooks, the Court held that two service members, who were injured while off-base and on leave by a negligently driven Army truck, were not barred from recovering under the FTCA because the accident “had nothing to do with [their] army careers” and their “injuries [were] not caused by their service except in the sense that all human events depend upon what has already transpired.” Id. at 52.
In contrast, Feres involved three consolidated cases, all of which considered injuries that “ar[ose] out of or in the course of military duty.” 340 U.S. at 146. Justice Jackson, speaking for the court in Feres, was careful to distinguish the plaintiffs in Brooks from the plaintiffs in Feres, observing that the plaintiffs in Brooks were not on duty, under no orders, and not on a mission; therefore, their “relationship while on leave was not analogous to that of a soldier injured while performing duties under orders.” Id.
As in Brooks, the sexual assault of Airman Gonzalez cannot be compared to injuries received while performing duties under orders. Surely, no one should suggest that when young Americans sign up for military service, they can expect that potential sexual assaults upon them will be routinely considered “incident” to that service. The only link between the sexual assault of Airman Gonzalez and her military service is attenuated at best, in the same sense as considered and rejected in Brooks. Brooks, 337 U.S. at 52.
Thus it seems to me that were we deciding this case under the authoritative holding of Brooks, rather than the tangential interpretation of Feres, which our circuit and other circuits have followed, the result today would be different. It is my hope that the expansive reach of Feres will be revisited.

. Brooks has neither been overruled nor expressly disapproved of by the Court. See United States v. Johnson, 481 U.S. 681, 698, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (Scalia, J., dissenting).