**DENNY et ux. v. UNITED STATES.**

**No. 12345.**

United States Court of Appeals Fifth Circuit.

Dec. 17, 1948.

Rehearing Denied Jan. 21, 1949.

**366**

John C. Hoyo and R. H. Mercer, both of San Antonio, Tex., for appellants.

Henry W. Moursund, U. S. Atty. and Joel W. Westbrook, Asst. U. S. Atty., both of San Antonio, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by Charles H. Denny, a commissioned army officer, and his wife, Dorothy Mae Denny, to recover damages because of the alleged negligence of defendant in failing to furnish necessary hospital and medical services to plaintiff, Dorothy Mae Denny, at the time of the birth of plaintiffs' child. Recovery was sought under the provisions of the Federal Tort Claims Act, Title 28 U.S.C.A. § 931 [now §§ 1346, 2674].

The complaint alleged that the United States Army, through its Brooke General Hospital at Fort Sam Houston, Texas, was under a duty to extend prompt medical service to plaintiff during her period of pregnancy; that defendant was negligent in failing to dispatch an ambulance to her promptly when she was beginning her labor,

and that as a result of such negligence plaintiffs' child was still-born.

Defendant moved to dismiss the complaint on two grounds: (1) That defendant was expressly exempted from liability for the alleged act of negligence, the obligation to provide plaintiffs with medical care being a mere discretionary function; and (2) that defendant owed plaintiffs no duty to provide them with medical attendance or ambulance service, as alleged.

At the hearing, the trial court sustained the motion to dismiss, and thereafter over-ruled plaintiffs' motion for a new trial and reinstatement of the cause, whereupon this appeal followed.

The sole question presented is whether, under the applicable statute and regulation and the facts alleged, defendant has breached any duty imposed by law to provide appellants with the medical services requested. Title 10 U.S.C.A. § 96, provides: " * * * The medical officers of the Army and contract surgeons shall *whenever practicable* attend the families of the officers and soldiers free of charge."

Army Regulation No. 40-505 further provides:

"Under the conditions indicated herein the Army usually through its own facilities will provide medical attendance to the personnel enumerated * * * below. * * * *Whenever practicable,* the wife, dependent children, and servants of persons enumerated * * * above; also other dependent members of the family when residing with such persons provided they are not legally dependent upon an individual not in the military service." (Italics supplied.)

We are of opinion the trial court properly dismissed the complaint. It becomes manifest that the phrase "whenever practicable", as it appears in both the above statute and regulation, clearly stamps the obligation of the Government to provide medical service to Army dependents as discretionary in character. Any negligent breach of duty on the part of the Army medical authorities which may have existed, in failing to extend promptly the gratuitous medical services requested, clearly could not have resulted in any actionable damage.

The liability of the United States under the Federal Tort Claims Act does not extend to cases where, as here, injury results from the failure to perform a mere discretionary function or duty, even though the discretion involved be abused. Title 28, U.S.C.A. § 943(a)[1] [now § 2680].

We find no reversible error in the record, and the judgment is therefore

Affirmed.

SIBLEY, Circuit Judge (concurring).

As the original complaint read it seems to me to be a suit by plaintiffs to recover damages for the negligent homicide of their child born dead. No other injury was alleged. Nor was it alleged that the furnishing of medical treatment by the Government hospital was practicable. I do not think the Texas death statute gives parents any right to sue for the death of a child which has never breathed. There was no error in the original dismissal.

But immediately the plaintiff moved to set the dismissal aside and be allowed to plead and prove that the treatment of the wife was entirely practicable, and that long prior to the birth the officials of the hospital gave assurance that the desired medical service would be given her, and that they did in fact attend her and give her medical attention prior to the date of birth, and when on that date an ambulance was requested to take her to the hospital they advised the ambulance was on the way. It seems to me that the duty of the medical officers of the army to attend the families of officers and soldiers is not discretionary, but only conditioned on the fact of practicableness, and the facts proposed to be proved show practicableness, recognized and admitted by the hospital. But the proposed pleading still does not allege any injury save that the child died in birth, which is not an actionable injury in Texas.

---

[1] Title 28 U.S.C.A. § 943, provides: "* * * Claims exempted from operation of chapter. The provisions of this chapter shall not apply to—(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Government, *whether or not the discretion involved be abused.*"