## GRIGGS v. UNITED STATES.
### No. 3806.

United States Court of Appeals
Tenth Circuit.
Nov. 16, 1949.

Rehearing Denied Jan. 9, 1950.

Frederick P. Cranston, Denver, Colo. (L. James Arthur, Denver, Colo., was with him on the brief), for appellant.

Henry E. Lutz, Assistant United States Attorney for the District of Colorado, Denver, Colo. (Max Bulkeley, United States Attorney for the District of Colorado, Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By this appeal we are asked to decide a question directly presented and decided in Jefferson v. United States, D. C., 74 F. Supp. 209 and Id., D.C., 77 F.Supp. 706, and discussed but not decided in Brooks

v. United States, 337 U.S. 49, 69 S.Ct. 918, namely, whether the United States is liable under the Federal Tort Claims Act, as amended, 28 U.S.C.A. §§ 1346(b), 2671–2680, for the death of a member of the armed forces on active, but not combat, duty, allegedly caused by the negligence of employees of the United States Government, while acting in the scope of their office or employment.

The facts are not in dispute. On or about November 20, 1947, Dudley R. Griggs, a Lt. Colonel on active duty in the United States Army, was admitted under official orders to the Army Hospital at Scott Field Air Base in the State of Illinois, for the purpose of surgery and treatment. Death occurred while under treatment and the widow, as executrix, brought this action against the United States in the United States District Court of Colorado, to recover damages for his wrongful death, allegedly caused by the negligent, careless and unskillful acts of members of the Army Medical Corps, while acting in the scope of their office or employment. The trial court sustained a motion to dismiss on the grounds that the complaint did not state a claim on which relief could be granted under the Act, and entered judgment in favor of the United States.

The Federal Tort Claims Act, by its terms gives the United States District Courts exclusive jurisdiction of civil actions on claims against the United States on account of personal injuries caused by the negligent or wrongful acts of any employee of the United States, while acting within the scope of his office or employment, under circumstances where the United States as a private person would be liable to the claimant for such injuries in accordance with the law of the place where the act occurred.

■ In the Brooks, case, the asserted claims against the United States, for in-

juries to one serviceman and death to another, arose while the soldiers were on furlough, and not in any way incident to their military service. The Supreme Court was not "persuaded" that the words "any claim" meant "any claim but that of servicemen", and therefore held the asserted claims within the coverage of the Act.[1] It did not reach the point suggested there, and present here, whether "an army surgeon's slip of hand, [or] a defective jeep which causes injury", would ground tort claims against the United States. It left for future consideration whether the omission of Congress to exclude claims for injuries or death incident to active service meant that it intended to include every such claim against the Government, or whether the results of such claims would be so "outlandish" or absurd as to put them outside the scope and purpose of the legislation, and hence justify a judicially imposed limitation, which the Congress omitted to provide.

Invoking familiar canons which sanction judicial construction of legislative words and phrases to comport with the obvious Congressional intent, Judge Chesnut, in the Jefferson case, pointed to the historical and unique Government-soldier relationship, and concluded that the obvious purpose of Congress was to exclude claims of soldiers arising out of that relationship from coverage of the Act. In referring to the nature of the Government-soldier relationship [77 F.Supp. 711] he pointed to the "large body of federal legislation" providing disability benefits to servicemen and gratuity payments to their survivors, as indicative of congressional intent. But the Supreme Court in the Brooks case was not moved by such considerations.

■ The terms of the statute are clear, and appellant's action for a money judgment based upon the negligence of army surgeons states a cause for relief under

1. By the 1948 revision of the United States Code, the Federal Tort Claims Act was amended, and Section 931 which provided exclusive district court jurisdiction of "any claim against the United States" now provides exclusive juris- diction "of civil actions on claims against the United States."

We do not regard the changed phraseology as indicating a congressional purpose to narrow the scope of jurisdiction under the Act. The Government does not so contend.

the Act, unless it falls within one of the twelve exceptions specifically provided therein; or, unless from the context of the Act it is manifestly plain that despite the literal import of the legislative words, Congress intended to exclude from coverage civil actions on claims arising out of a Government-soldier relationship.

 Only two of the exceptions could be pertinent to our question. Subsection (a) excludes claims based upon the exercise or performance or the failure to exercise or perform a discretionary function, and subsection (j) exempts any claim arising out of the combatant activities of the armed forces. It is manifestly plain that the alleged acts of negligence, while involving skill and training, were non-discretionary. Cf. Denny v. United States, 5 Cir., 171 F.2d 365. The claim arose after hostilities had ceased, and the Government makes no contention that it falls within exemption (j).

With deference to the views of the learned judge, in the Jefferson case, we fail to find anything in the context of the Act or its legislative history justifying judicial limitation upon the claims of servicemen. As pointed out in the Brooks case, there were eighteen tort claims bills introduced in Congress between 1925 and 1935, all but two of which contained provisions expressly exempting claims of members of the armed forces. When, however, the Congress finally came to confer jurisdiction of the District Courts over tort claims against the United States, it conspicuously omitted to exclude claims growing out of a government-soldier relationship. We think the only logical conclusion is that it deliberately refrained from doing so. If the result of its omission to exempt such claims leads to dire consequences and absurd results, it is for Congress and not this Court to provide rational limitations.

We hold that the claim states a cause of action over which the court had jurisdiction, and the case is therefore reversed.

HUXMAN, Circuit Judge (dissenting).

While the question is not free from doubt, I find myself unable to agree with the conclusions reached by my associates.

The precise question involved here was alluded to by the Supreme Court in Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, but an answer thereto was not necessary to the decision in that case. No doubt, the question ultimately will be answered by the Supreme Court when it is appropriately and necessarily raised in a case before that tribunal.

In Jefferson v. United States, D.C., 77 F.Supp. 706, Judge Chesnut, in an able and exhaustive opinion, reviewed the history of the Federal Tort Claims Act and reached the conclusion that it was not intended to cover service-connected injuries sustained by members of the Armed Forces while in such service. I subscribe to the philosophy of the Jefferson case. I can add nothing of value to the logic or reasoning of that opinion. In the interest of brevity, I adopt the reasoning of the Jefferson case and make it the basis of this dissent.