.Margaret DUGAN, as administratrix of
the Estate of Robert Dugan,
deceased, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

Civ. A. 4736–54.

United States District Court
District of Columbia.

May 1, 1956.

Samuel Z. Goldman, Washington, D.
C., Joseph D. Bulman, Washington, D. C.,
for plaintiff.

Oliver Gasch, U. S. Atty., E. Riley Casey, Assistant U. S. Atty., Washington,
D. C., for defendant.

WILKIN, District Judge.

In this case the plaintiff, as widow and
administratrix of the Estate of Robert
Dugan, sought damages by virtue of the
Federal Tort Claims Act, Title 28 U.S.C.
§ 1346(b). It was admitted that Robert
Dugan had died because of a blow struck
by another inmate of St. Elizabeth's Hospital, owned and operated by the defend-
.ant. The decedent was afflicted with tuberculosis and other physical ailments in
addition to his mental illness. He was
a man of very frail health.

The inmate, Brodsgaard, who struck
the decedent the fatal blow, had been a
mental patient at St. Elizabeth's for several years. When first committed to the
hospital he displayed a violent and assaultive character and inclination. After
other treatments had failed to change
or modify Brodsgaard's disposition, the
surgeons of the institution, with the consent of the patient's family, performed
an operation on the patient's brain,
known as pre-frontal lobotomy. The

testimony of the doctors and nurses was clear and convincing that the effect of the operation was very beneficial. While it did not relieve him of all mental illness, it did remove the violent and assaultive character of his symptoms. He became a very peaceful, accommodating, obedient and helpful inmate. Except for one slight incident, when Brodsgaard kicked another inmate on the shin, causing slight injury, there was no display by him of any assaultive characteristics until the morning of July 13, 1954, when he struck Robert Dugan on the chest.

The only witness of the assault was another inmate, named Burch. The assault occurred in the lavatory of the ward reserved for peaceful, obedient and cooperative inmates. Burch testified that without any warning or cause so far as he could see, and with a smile or grin on his face, Brodsgaard struck Dugan and Dugan fell to the floor. Burch at once called for the psychiatric nurse in charge of the ward, Mrs. Wheeler. She and another attending nurse, Mrs. Griffith, responded to the call promptly. Dugan was carried to a bed and given immediate medical attention. Shortly thereafter, however, he died. The post-mortem report revealed fractured ribs and a punctured lung.

The plaintiff claimed that the defendant, as owner and operator of St. Elizabeth's Hospital, had failed in its duty to provide protection and safety for the decedent Dugan, and had failed in its duty to segregate from that ward the patient who had made the assault. Counsel for plaintiff asserted that there should have been more attendants in the ward.

■ The evidence fails completely to sustain the allegations of negligence. The evidence is clear and convincing that there had been no need or occasion for more nurses or attendants. There had been no other trouble in that ward, except for little differences of opinion, arguments and complaints, which are normal where individuals are dwelling in close relationship. There had been nothing in the conduct of Brodsgaard, after his operation, to indicate to the hospital authorities any need of restraint. His assault upon Dugan was a complete surprise. To prevent such an unusual and unexpected assault, it would require a guard in attendance upon each inmate all the time. The assault was one of those ·unforeseen and unexpected events·which life is subject to and for which the hospital authorities in this case cannot be blamed. To hold the defendant guilty of negligence and liable for damages in such circumstances would in effect make the owners and operators of hospitals insurers of the safety of all inmates. The law, with all its paternalism and socialistic trends, has not yet imposed such liability.

■■ At an early time in the history of our jurisprudence and common law—at a time before the law was stated in the English language—the principle of *damnum abseque injuria* was recognized, and there are still losses which do not give right to an action for damages. Responsibility for loss or damage will not be imposed except in cases of fault or neglect on the part of the person accused. The Tort Claims Act, upon which plaintiff founds her action, does not reveal the slightest intention to make the United States an insurer. It limited its liability very strictly to such cases and circumstances as would impose liability upon an individual. St. Elizabeth's Hospital is a charitable institution. Congress recognized a need for governmental activity in a field where private institutions and individuals are incapable of meeting the needs of society. The generous and charitable provisions of the law should not be extended beyond those specifically assumed.

■ The evidence offered by the defendant revealed a highly efficient and commendable administration and management. The doctors and nurses who testified were forthright and honest. Their conduct and attitude toward the unfortunate patients in their charge was most admirable. Their self-sacrificing devotion to their profession and calling should not be interrupted, interfered

with, or depreciated by unwarranted charges of neglect and claims for damages. It is, of course, recognized that those in charge of hospitals should exercise the greatest care, patience and caution for the safety and welfare of those in their charge, but the institution which they serve should not be held liable for injuries to patients except in cases where the evidence is clear and convincing that the injury was caused by the negligence or default of the institution or its agents.

The evidence was clear and convincing that the determination of where inmates were to be detained, and what provisions should be made for their supervision, was a discretionary function of the doctors and officers of the hospital. The defendant cannot be held responsible for acts of the officers and agents of the hospital which come within their discretionary powers. T. 28, § 2680, U.S.C.; Denny v. U. S., 5 Cir., 171 F.2d 365, certiorari denied 337 U.S. 919, 69 S.Ct. 1161, 93 L.Ed. 1728; Dalehite v. U. S., 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

This opinion may serve as findings of fact and conclusions of law. Complaint will be dismissed at costs of plaintiff.