Richard W. **BUER**, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 11797.

United States Court of Appeals Seventh Circuit.

Dec. 12, 1956.

Rehearing Denied March 19, 1957.

Fred P. Schuman, Granite City, Ill., for appellant.

Paul A. Sweeney, Chief, Appellate Section, Morton Hollander, Atty., U. S. Dept. of Justice, Washington, D. C., John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., George Cochran Doub, Asst. Atty. Gen., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

This action was brought under the Federal Tort Claims Act, Title 28 U.S. C.A. § 2671 et seq. Plaintiff alleges that on December 12, 1954, while he was in the armed forces of the United States, stationed at Fort Bragg, North Carolina, and while on leave, he was injured in an automobile accident; that by reason of injuries there received he was hospitalized at Fort Bragg, and at that place was treated by physicians and surgeons of the United States Army; that said physicians and surgeons were negligent and did not use proper care and skill in treating plaintiff, and in performing an operation on him, in that a piece of drill was left in his body near the lateral orbital wall of plaintiff's left eye causing him severe injuries. Judgment in the sum of Fifty Thousand ($50,000.00) Dollars was demanded.

The Government moved to dismiss on various grounds, three of the reasons being 1) the Court lacks jurisdiction of the subject matter as the Federal Tort Claims Act does not authorize a suit against the United States of America by a member of the armed forces who receives injuries incident to his service while on active duty; 2) the complaint fails to state a claim upon which relief can be granted, and 3) the Court lacks jurisdiction of the subject matter because the allegations of the complaint charge an assault upon the plaintiff by an agent or employee of the United States of America, and such claims are exempted from permissible actions under the Federal Tort Claims Act. § 2680(h). The motion set forth the pertinent part of Army Special Regulations, No. 600–115–1. A.R. 600–115–1, September 24, 1953, Personnel. 13(b) Leave: "The status of personnel who are hospitalized while on leave will change from 'leave' to 'sick in hospital' as of date of admission to hospital. * * *." The District Court entered an order dismissing the complaint.

In arguing that the Federal Tort Claims Act covers the claim asserted in the case at bar, plaintiff points out that the Act states as the test of allowable claims: "The United States shall be liable, * * * in the same manner and to the same extent as a private individual under like circumstances * * * ." 28 U.S.C.A. § 2674. Plain-

tiff emphasizes the Tort Claims Act provides broadly that the District Court shall have jurisdiction over claims for money damages against the United States founded on negligence.

Plaintiff relies primarily upon Brooks v. United States, 1949, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, and United States v. Brown, 1954, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139. In Brooks, two brothers, Walker and Arthur Brooks, were enlisted men in the United States army. They were on leave or furlough and were riding with their father in a private automobile on a public highway in North Carolina. The Brooks' automobile came into collision with an army truck operated by a civilian employee of the War Department. The court held the action could be maintained under the Federal Tort Claims Act.

In United States v. Brown, supra, plaintiff, while in active service, injured his knee. The injury led to his honorable discharge in 1944. In 1950 and 1951 while being treated at a Veterans' Administration hospital, surgeons operated on the knee. During the 1951 operation a defective tourniquet was used as a result of which the nerves in respondent's leg were seriously and permanently injured. The majority of the court held that the negligent act giving rise to the injury was not incident to the military service and, therefore, the action could be maintained under the Federal Tort Claims Act.

The Government relies largely on Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. Along with Feres there was decided sub nom. Jefferson v. United States, 4 Cir., 178 F. 2d 518, and Griggs v. United States, 10 Cir., 178 F.2d 1.

In Feres the action was commenced by the Executrix of Feres because decedent perished in a fire in the barracks of an army camp while on active duty. Negligence was alleged in quartering him in barracks known or which should have been known to be unsafe because of a defective heating plant, and in failing to maintain an adequate fire watch.

In Jefferson, plaintiff while on active duty, was required to undergo an abdominal operation. Eight months later, in the course of another operation, at a time after plaintiff had been discharged, a towel 30 inches long and 18 inches wide, marked "Medical Department U. S. Army" was removed from his stomach. The complaint alleged that the towel had been negligently left there by the army surgeons who performed the first operation.

In Griggs the deceased was a lieutenant colonel on active duty and was admitted to an army hospital for the purpose of treatment and surgery. Death occurred while the officer was under treatment and his widow brought suit for damages alleging wrongful death caused by the negligent and unskillful act of members of the army medical corps.

The court held in Feres, Jefferson and Griggs that the respective suits based upon the Federal Tort Claims Act would not lie. Therefore, we must ascertain whether the case at bar falls within the principles laid down in the Brooks and Brown cases or whether the rule of law established in Feres, Jefferson and Griggs should be applied.

In Feres, the Court said, 340 U.S. at page 141, 71 S.Ct. at page 157: " * * * One obvious shortcoming in these claims is that plaintiffs can point to no liability of a 'private individual' even remotely analogous to that which they are asserting against the United States. We know of no American law which ever has permitted a soldier to recover for negligence, against either his superior officers or the Government he is serving * * *."

In Feres, the court placed considerable emphasis upon the fact that the injuries complained of were incurred in service. The court said, 340 U.S. at page 143, 71 S.Ct. at page 158: " * * * It would hardly be a rational plan of providing for those *disabled in service by others in service* to leave them dependent upon geographic considerations over which they have no control and to laws which

fluctuate in existence and value." (Emphasis supplied)

The court also said, 340 U.S. at page 144, 71 S.Ct. at page 158: "* * * The absence of any such adjustment is persuasive that there was no awareness that the Act might be interpreted to permit recovery for *injuries incident to military service.*" (Emphasis supplied)

The court also said, 340 U.S. at page 146, 71 S.Ct. at page 159: "We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the *injuries arise out of or are in the course of activity incident to service.*" (Emphasis supplied)

Plaintiff insists that the injuries complained of in the case at bar did not arise out of his military service because when he was injured on the highway he was on leave. However, plaintiff is not here suing the person who caused his injuries on the North Carolina highway. His claim is based upon alleged malpractice of the army surgeon who operated upon him after he had been returned to the hospital at the Post where he was assigned for military duty.

Had plaintiff, while on leave, been injured on the North Carolina highway by a government truck, and had he sought damages because of those injuries, clearly the case would come within the rule of Brooks v. United States, supra. It is interesting to note the prophetic quote in the Brooks' opinion, 337 U.S. at page 52, 69 S.Ct. at page 920: "The Government envisages dire consequences should we reverse the judgment. A battle commander's poor judgment, an army surgeon's slip of hand, a defective jeep which causes injury, all would ground tort actions against the United States. But we are dealing with an accident which had nothing to do with the Brooks' army careers, injuries not caused by their service except in the sense that all human events depend upon what has already transpired. Were the accident incident to the Brooks' service, a wholly different case would be presented."

Here we have the "army surgeon's slip of hand". Plaintiff was in the army hospital at Fort Bragg because he was a member of the armed forces of the United States located at that station. Under army regulations he was no longer on leave. We hold the rule announced in Feres, Jefferson and Griggs is applicable, and the judgment dismissing the complaint is

Affirmed.

SCHNACKENBERG, Circuit Judge.

In concurring with the result reached by Judge Duffy, I express the opinion that the army regulation pertaining to leave is not essential to the result reached.