Newman G. DEGENTESH, Administrator of the Estate of Robert J. Degentesh, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 63 C 1207.

United States District Court
N. D. Illinois, E. D.
June 24, 1964.

Ronald L. Cohen, Chicago, Ill., for plaintiff.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for defendant.

PARSONS, District Judge.

This action is brought by the Administrator of the Estate of P.F.C. Robert J. Degentesh against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2680 et seq. The complaint alleges the death of plaintiff's decedent due to injuries arising out of a motor vehicle collision on April 25, 1962, in Hawaii, caused by the alleged negligence of an employee of the United States. By way of affirmative defense, defendant contends that decedent was, at the time of the occurrence, engaged in activity incident to his military service. The cause comes on today for ruling on defendant's motion for summary judgment.

The material facts are undisputed. Plaintiff's decedent entered on active duty with the United States Marine Corps on November 10, 1959. On April 20, 1962, a few days before the fateful occurrence, P.F.C. Degentesh was assigned to the Marine Barracks at the United States Naval Base at Pearl Harbor, Oahu, Hawaii.

On April 25, the decedent was a member of Starboard Section of Security Company at the Marine Barracks, and accompanied the Section for a special services recreation party, authorized by Naval and Marine Regulations. The Section left for the party in a Navy tractor-trailer driven by a Marine assigned as driver. While en route to the recreation area, the bus overturned, causing injuries to the plaintiff's decedent, which resulted in his death.

The sole question presented for decision is whether a soldier on active duty, accompanying his Marine company section to a service recreation party authorized by service regulations, is, as a matter of law, engaged in activity "incident to his military service" at the time of an occurrence resulting in his death, so as to bar recovery by his administrator under the Federal Tort Claims Act. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). This is an issue of first impression.

Plaintiff does not contest the fact that the decedent was on active duty with the Marine Corps at the time of the occurrence which caused his death. The argument is made, however, that riding to a recreation party, which plaintiff characterizes as "an optional beer party at the beach", is not activity "incident to his military service" within the rule of the Feres case.

Plaintiff attempts to bring this case within the scope of Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), where personal-injury claims of several soldiers under the Federal Tort Claims Act were upheld. The opinion of the Circuit Court of Appeals in that case indicated that the "soldiers

were on leave or furlough, engaged in their private concerns and not on any business connected with their military service" at the time the car in which they were riding was struck by the negligent driver of an army truck. 169 F.2d 840, 841 (4th Cir. (1948). The Supreme Court in affirming this decision emphasized that recovery was allowed "for injuries not incident to their service." 337 U.S. at 50, 69 S.Ct. at 919.

Similarly, summary judgments in favor of the United States have been denied where soldiers injured were "on pass". Wilcox v. United States (Blond v. United States), 117 F.Supp. 119 (S.D.N.Y. 1953); Rosen v. United States, 126 F. Supp. 13 (E.D.N.Y.1954).

The present case is distinguishable from these cases. Here, the decedent was not on leave, pass, or furlough. Nor was he on a private concern. Rather, he was engaged in an authorized military activity. The fact that he was en route to a merely *pleasurable* activity makes it no less so. See, Richardson v. United States, 226 F.Supp. 49 (E.D.Va.1964). With the recognition of the long standing military point of view that the absence of substantial recreational activities creates difficulty in the morale of members of the armed services, and that, except when he is on leave, the whole of the serviceman's activities are under military planning, the recreation party was an official one designed to boost company morale, and to produce a healthier and better working atmosphere for military men. Thus, the recreation party can be considered as much an incident of military service as classroom work or field drill. The alleged "optional" character of the party involved in the instant case is irrelevant, since Marines refusing to go to the party would have had to perform other service obligations instead.

I conclude, therefore, that the decedent was engaged in an activity incident to his military service at the time of the occurrence which resulted in his death, and that plaintiff is not entitled to recovery under the Federal Tort Claims Act as a matter of law.

I observe that plaintiff is not entirely without relief. Apart from the Tort Claims Act, there exists a much more broadly based and comprehensive compensation system for injured service personnel and their survivors. The benefits to which survivors of deceased servicemen are entitled were found by the Supreme Court, in the Feres case, to have compared "extremely favorably with those provided by most workman's compensation statutes." 340 U.S. at 145, 71 S.Ct. at 159. Those benefits were subsequently expanded by Public Law 881 enacted by the 84th Congress in 1956, the law under which P.F.C. Degentesh designated his parents to receive benefits. The benefits as later codified into 38 U.S.C. § 410 et seq., provide for compensation to survivors of servicemen who die from service-connected incidents while on active duty. Survivors who may benefit include parents of the deceased serviceman. 38 U.S.C. § 415.

The presence of such a system of compensation was one of the principal reasons articulated for the rule in the Feres case. It was the inadequacy of a somewhat analogous system in effect for Federal prisoners that prompted the decision in United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). Noting that the reasons for the decision in the Feres case were not compelling in the case involving Federal prisoners, the Supreme Court in the Muniz case announced "we find no occasion to question Feres, so far as military claims are concerned." 374 U.S. at 159, 83 S.Ct. at 1856.

Accordingly, since no reasonable man could doubt that the decedent's activity was incident to his military service, defendant's motion for summary judgment must be, and the same hereby is, allowed. Judgment is entered in favor of the defendant. And it is so ordered.