**Janet M. HERREMAN, an adult, et al.,
Plaintiffs,**

**v.**

**UNITED STATES of America, et al.,
Defendants.**

**Civ. A. No. 70–C–465.**

United States District Court,
E. D. Wisconsin.

Oct. 19, 1971.

Jack Aulik, Sun Prairie, Wis., for plaintiffs.

David J. Cannon, U. S. Atty., by Richard P. Broder and Terry Mitchell, Asst. U. S. Attys., Milwaukee, Wis., for defendants United States and Dept. of United States Air Force.

Robert W. Warren, Atty. Gen., by Theodore L. Priebe, Asst. Atty. Gen., Madison, Wis., for defendant Wisconsin Air National Guard.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This is a tort action apparently brought pursuant to Title 28 U.S.C. § 2674 (allowing tort actions to be brought against the United States) asserting that the United States is liable for the death of a National Guard officer who was a passenger aboard a military aircraft which crashed at General Billy Mitchell Field, Milwaukee, Wisconsin. Two of the defendants—the United States of America and the Department of United States Air Force—have interposed a motion to dismiss on two grounds: (1) faulty pleading and (2) failure to state a claim. Affidavits have been submitted by both defendants and plaintiffs, and I shall accordingly treat this motion for dismissal as regards its second ground as one for summary judgment. Rule 12(b) of the Federal Rules of Civil Procedure. The third defendant in this action—Wisconsin Air National Guard—has also moved to dismiss. For the reasons set forth below, I find that summary judgment in favor of the United States and its Air Force is proper and, further, that the complaint must be dismissed as regards the Wisconsin Air National Guard.

The following facts are without dispute. Jerold F. Herreman was a Captain in the Wisconsin Army National Guard and the Army National Guard of the United States. On January 26, 1969, he joined Major General Ralph Olson, the Adjutant General of the State of Wisconsin, in Key West, Florida. The General and his wife were vacationing in Florida and had invited Captain Herreman to come down from Milwaukee to go fishing with the General. Intending to return home, on January 29, 1969, the Captain appeared at the Key West Naval Air Station, Florida, in military uniform and requested, on a space-available basis, transportation back to Milwaukee on the military aircraft assigned to transport General Olson home. The request was granted. The aircraft crashed on its flight from Key West to Milwaukee, killing General Olson, his wife, and Captain Herreman. Although the visit to Key West to fish with the General was purely a social visit, Captain Herreman's fatal return flight was in accordance with paragraphs 4–b and 4–b(2) of the Air National Guard Regulation 76–6, dated May 23, 1950, as amended through January 29, 1969:

> "b. Military personnel in appropriate uniform in the categories indicated below, without reimbursement, upon proper identification * * * may ride as passengers when the aircraft is on a training flight or a strictly military mission.
>
> *   *   *   *   *   *
>
> "(2) Military personnel of the National Guard and the Reserve of the Army * * *."

While on board the military aircraft, Captain Herreman was subject to military courtesies and discipline.

The complaint in this action fails to allege the basis for this court's jurisdiction. This failure is in derogation of Rule 8(a) of the Federal Rules of Civil Procedure. As is stated in 2A Moore's Federal Practice ¶ 8.07[4], at 1642 (2d ed. 1968):

> "Because the federal courts are courts of limited jurisdiction, a plaintiff who invokes their original juris-

diction must always show in his complaint the grounds upon which that jurisdiction depends."

However, at a hearing held in this matter on September 27, 1971, the plaintiff indicated that he wished to amend his complaint to allege proper jurisdiction against the United States. I will grant this motion and consider the complaint amended to assert this court's jurisdiction under Title 28 U.S.C. § 1346(b).

■ Treating the complaint as amended so as to assert this court's jurisdiction under Title 28 U.S.C. § 1346(b), I conclude that the holdings of the United States Supreme Court in Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949); Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); and Brown v. United States, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), and subsequent Seventh Circuit decisions dictate that summary judgment must be awarded to the United States and the Air Force.

In *Feres* the Supreme Court held that (1) the family of a serviceman killed when his barracks burned down, (2) the family of a serviceman whose death was due to the alleged malpractice of any army surgeon, and (3) a serviceman injured by the alleged malpractice of army surgeons could not sue the United States because Title 28 U.S.C. § 2674 does not rescind government immunity for injuries sustained "incident to military service." However, *Brown,* a case subsequent to *Feres,* reaffirmed the pre-*Feres* holding in *Brooks* to the effect that a serviceman on leave who was riding in a privately owned automobile on a public highway could recover against the Government for injuries sustained when the car was negligently struck by an Army truck. Such injuries were not incurred "incident to military service." In determining the precise boundary between *Feres* and *Brooks,* the circuits have come into minor conflicts in close cases. See, e. g., Annotation, 64 A.L.R.2d 679.

I find, however, that the decisions rendered by the Seventh Circuit and other cases cited in those decisions clearly indicate the proper law to be applied by this court.

Two cases involving a serviceman's right to recover against the Government have been decided by the Seventh Circuit—Buer v. United States, 241 F.2d 3 (7th Cir. 1956), and Layne v. United States, 295 F.2d 433 (7th Cir. 1961). In *Buer* a soldier on leave was injured in an automobile accident on the public highway. As a result he was hospitalized at an Army hospital. He sought to sue the United States for injuries sustained *while hospitalized* due to alleged malpractice. The court found that *Feres* barred the action, noting that *Feres* rather than *Brooks* controlled because the injuries attributed to the negligence of the United States had occurred not on the public highway but in an Army hospital operated for military personnel not generally open to the civilian public. In *Layne,* the widow of an Air National Guard pilot was barred from suing the United States for the alleged negligence of the airport control tower whose actions allegedly caused her husband to fatally crash during a training mission. The court expressly found in that case that military reserve personnel came within the scope of *Feres.* Further, in *Layne* the court cited and quoted the Ninth Circuit case of Archer v. United States, 217 F.2d 548 (9th Cir. 1954). In *Archer* the Ninth Circuit found that the parents of a West Point cadet could not sue the Government when their son had died while riding as a passenger on a military aircraft which crashed even though he was on leave at the time:

"'The Trial Court was undoubtedly correct in holding that a cadet riding under military discipline on an army plane under control of a superior officer has no claim under the Act for injury sustained through whatever cause. This principle would not vary even though the service man were on leave and whether he were on the

plane voluntarily or by command. * * * ' " *Layne*, supra, at 436, quoting *Archer*, supra, at 551.

Finally, I have found but one other decision in this area within the Seventh Circuit, that being Degentesh v. United States, 230 F.Supp. 763 (N.D.Ill.1964). In that case a serviceman was killed while riding in a Navy tractor-trailer on the way to a Marine sponsored beer party. In granting the United States' motion for summary judgment, the court stated:

" * * * the decedent was not on leave, pass, or furlough. Nor was he on a private concern. Rather, he was engaged in an authorized military activity. The fact that he was en route to a merely *pleasurable* activity makes it no less so. * * * " *Id.* at 765.

These above cases clearly indicate the proper answer to the question posed in the instant case. *Layne* has decided that the distinction between "reservist" and "soldier" is without relevance in this area of law. *Buer, Layne, Archer,* and *Degentesh* teach that even if a soldier is on leave or off duty, alternatively (1) if the soldier is injured taking advantage of military privileges generally restricted to the military and not generally permitted civilians, or (2) if the soldier is injured while under military jurisdiction, then (whichever way the rule is phrased) he will be barred from suing the Government. In the instant case, Captain Herreman was fatally injured while taking advantage of special travel privileges granted military personnel. While taking advantage of this privilege, it is undisputed that he was under military jurisdiction. The fact that he was not on active duty or that he was pursuing purely pleasurable activities is of no more relevance in this case than it was in *Buer, Archer,* and *Degentesh.* Thus I find that the plaintiffs are barred from suing the Government under Title 28 U.S.C. § 2674 as interpreted by *Feres.* (Had Captain Herreman died a passenger of a commercial airline struck in midflight by a military aircraft, *Brown* would no doubt suggest that *Brooks* rather than *Feres* should control. Cf. *Buer,* supra.)

While I have discussed and relied on only the pertinent opinions of the Supreme Court and the Seventh Circuit in this matter, I would add that the large majority of the cases arising out of the sister circuits dealing with this issue of law are consonant with the decisions of the Seventh Circuit and with my decision today. While there are a few opinions which might suggest a more favorable result for the plaintiffs herein (e. g., Hale v. United States, 416 F.2d 355 (6th Cir. 1969) ), these cases at this point in time seem largely isolated departures from the majority rule and are not indicative of any recent change in the general "trend of authority." (E. g., *Hale* has since been cited but once, and the district court citing it refused to follow it. Coffey v. United States, 324 F.Supp. 1087, 1088 n. 1 (S.D.Calif. 1971).) Nor do they seem to have any stronger claim on their merits to being the "proper" reading of the Supreme Court's decisions in *Brooks, Feres,* and *Brown* than the reading given those Supreme Court cases in the majority of circuits. Such being the case, if the rationale of cases such as *Hale* is to be adopted and that of *Buer, Layne, Archer,* and *Degentesh* rejected, this should be done by the Seventh Circuit and not by this district court.

While it is not quite clear exactly how the Wisconsin Air National Guard fits into this case as a defendant from the point of view of both jurisdiction and cause of action, treating the complaint as I have as amended to assert jurisdiction under Title 28 U.S.C. § 1346(b), the only possible argument for jurisdiction would be pendant jurisdiction. *Assuming* there might have been pendant jurisdiction if the claims against the United States were permissible, with my finding that these federal claims are barred, I see no reason why the Wisconsin Air National Guard should not be dismissed from this action. 3A Moore's

Federal Practice ¶ 18.07 [1.–3] and [1.–4] (2d ed. 1970).

It is ordered that summary judgment in favor of the United States of America and the Department of United States Air Force be and it hereby is granted.

It is further ordered that the claim against the Wisconsin Air National Guard be and it hereby is dismissed.