**Elinor B. AYDLETT, Appellant,**

v.

**Dale HAYNES and Howard C. Aydlett, Appellees.**

**No. 1762.**

Supreme Court of Alaska.

July 13, 1973.

---

Sandra K. Saville, of Kay, Miller, Libbey, Kelly, Christie & Fuld, Anchorage, for appellant.

George N. Hayes and Robert L. Eastaugh, of Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for appellee Aydlett.

No appearance for appellee Haynes.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, and FITZGERALD, JJ.

## OPINION

FITZGERALD, Justice.

This appeal concerns the applicability of the collateral source rule to medical expenses awarded in an interspousal tort action where the tort-feasor husband was a member of the Armed Forces and the injured wife received, at no cost to her, medical care and treatment from Air Force facilities.

Appellant Elinor B. Aydlett was a passenger in a motor vehicle operated by her husband, appellee Sgt. Howard Aydlett. The Aydlett vehicle was involved in a collision with two other vehicles operated by Sgt. Gerald L. Vanzant and Sgt. Dale Haynes.

As a result of the accident, Mrs. Aydlett sustained injuries to her neck, back and waist. For over a year she received regular medical attention for her injuries at Air Force medical facilities. In June of 1969 appellant made several visits to a private physician, Dr. Wichman, to receive treatment. Dr. Wichman advised Mrs. Aydlett that an operation on her back would be necessary in order to obtain complete relief from the pain. He also arranged for ap-

pellant to resume treatment at the Air Force facilities since it was difficult for her to afford private treatment. Later in his testimony at trial the doctor estimated the expense of such future medical and surgical care to be "in the neighborhood of $5,000." Appellant testified that she intended to have the operation performed by a private physician in New Mexico where her husband was to be reassigned in the near future.

On June 12, 1969, appellant brought her personal injury action against the operators of each of the three vehicles involved in the collision.[1] The jury returned a general verdict of $25,000 in favor of Mrs. Aydlett against Sgt. Aydlett and Sgt. Haynes, jointly and severally. In answer to a special interrogatory the jury found that the reasonable value of the medical care and treatment of Mrs. Aydlett's injuries amounted to $5,400. The interrogatory, however, did not apportion the $5,400 between the amount incurred for her past medical expenses and the value of her future medical care and treatment. Judgment in the amount of the verdict was entered by the superior court.

After entry of judgment, Sgt. Aydlett moved to reduce the amount awarded to his wife by $5,400, the entire amount allowed by the jury for her medical expenses. In its opinion, the superior court granted Sgt. Aydlett's motion to reduce the judgment by $5,400. The trial court concluded that since the medical care and treatment furnished Mrs. Aydlett for her injuries was provided to her at no cost due to her status as a military dependent, it would be unjust to allow her to recover any

amount of medical expenses. The trial court entered final judgment on the jury's award, after deducting the medical expenses, and Mrs. Aydlett appealed.

During oral argument on appeal, attorneys for appellant and appellee stipulated that the value of past medical expenses was $400, and that the reasonable value of future medical expenses was $5,000.

The only issue raised on this appeal is whether in a personal injury action between husband and wife, where the wife received medical attention at no expense to her as a military dependent, the amount of judgment should be reduced by the value of past and future medical services. For the reasons set forth, we conclude that the trial court's reduction of the verdict by the full amount of $5,400 was error.

■ The collateral source rule, as applied in Alaska, prohibits a tort-feasor from benefiting from payments made to the injured party by insurance companies or other third parties.[2] If Mrs. Aydlett, as a military dependent, has an independent right to receive medical services from the government, then a strong argument may be made that the collateral source rule applies, and that appellee is obliged to pay for the value of past medical services. If, however, appellant's entitlement to medical services is derivative, being dependent entirely upon the military status of her husband, the wrongdoer, then the rule is inapplicable because the services are not being provided by a truly collateral source. Reduction of the judgment for past medical expenses on appellant's motion would then be proper, for in effect, Sgt. Aydlett would have already compensated his wife for the

1. Interspousal immunity has been abolished in Alaska. Armstrong v. Armstrong, 441 P.2d 699 (Alaska 1968); Cramer v. Cramer, 379 P.2d 95 (Alaska 1963).

2. Alaska adopted the collateral source rule in Ridgeway v. North Star Terminal and Stevedoring Company, 378 P.2d 647 (Alaska 1963), where this court stated:
[A] tort-feasor is not entitled to have his liability reduced merely because plaintiff was fortunate enough to have received compensation for his injuries

or expenses from a collateral source . . . . (Footnote omitted.) 378 P.2d at 650.
See also Luth v. Rogers and Babler Const. Co., 507 P.2d 761, 767 n. 22 (Alaska 1973), where we noted that the collateral source rule was rooted in the Restatement of Torts, § 920(e) (1939); see generally R. C. Maxwell, The Collateral Source Rule in the American Law of Damages, 46 Minn.L.Rev. 669 (1962); Note, 42 Geo.L.J. 556 (1957).

value of the past medical services and he should not be compelled to pay for such services a second time.

The federal statute under which dependents of servicemen are entitled to medical services is the Medical and Dental Care Act, 10 U.S.C. § 1071 et seq. Section 1076(a) of that enactment provides:

> (a) A dependent of a member of a uniformed service who is on active duty for a period of more than 30 days, or of such a member who dies while on that duty, is entitled, upon request, to the medical and dental care prescribed by section 1077 of this title in facilities of the uniformed services, subject to the availability of space and facilities and the capabilities of the medical and dental staff.

A dependent's entitlement to medical care and treatment arises by reason of a serviceman's membership in the Armed Forces. The primary purpose of military medical facilities is to serve the members of the Armed Forces. The use by military dependents of such services is secondary. A dependent must make a request for medical services which may be denied if either facilities or personnel are unavailable, or if a spouse obtains a divorce. The medical or dental officer in charge of the facility is required to determine that the provision of medical services to dependents will not interfere with the primary mission of such

facilities.[3] Moreover, medical services furnished to a serviceman and his dependents have been regarded as a form of compensation.[4] We conclude that Mrs. Aydlett has no independent and enforceable "right" to receive such medical services, but that her entitlement thereto is conditioned upon her husband's membership in the Armed Forces.

A contrary conclusion is not compelled by appellant's authorities. Grigalauskas v. United States[5] relied upon by Mrs. Aydlett for the proposition that military dependents have an independent right to free medical treatment at military facilities is inapposite. In that case, a tort claim was brought by a military dependent against a military doctor for negligent medical treatment. Bringing an action for negligence against the federal government under the Tort Claims Act, however, has nothing to do with the claim of a military dependent to medical services under the Medical and Dental Care Act. Nor are the several Federal Employers Liability Act cases[6] cited to us by appellant in point, since we are here concerned with an interpretation of the Medical and Dental Care Act, providing medical services to members of the armed forces, and, under certain conditions, to their dependents.

In view of our conclusions that Mrs. Aydlett's entitlement to receive military medical services is derived through her hus-

---

3. 10 U.S.C. § 1076(c). In interpreting the forerunner of the Medical and Dental Care Act, the Fifth Circuit in Denny et ux. v. United States, 171 F.2d 365 (5th Cir.) cert. denied, 337 U.S. 919, 69 S.Ct. 1161, 93 L.Ed. 1728 (1949), held that the federal government's "obligation" to provide free medical services to military dependents was discretionary in nature. Specifically, the court stated:

> It becomes manifest that the phrase 'whenever practicable', as it appears in both the above statute and regulation, clearly stamps the obligation of the Government to provide medical service to Army dependents as discretionary in character. 171 F.2d at 366.

4. In Plank v. Summers, 203 Md. 552, 102 A.2d 262 (1964), the court observed:

> Here also it might well be considered that medical and hospital services supplied by the Government to these members of the United States Navy were part of the compensation to them for services rendered, and therefore that by their service in the Navy they had paid for these. 102 A.2d at 267.

> See also Note, 42 Geo.L.J. 556, 560 (1954).

5. 103 F.Supp. 543 (D.Mass.1951), aff'd 195 F.2d 494 (1st Cir. 1952).

6. New York, New Hampshire and Hartford Ry. Co. v. Leary, 204 F.2d 461 (1st Cir. 1953); Sinovich v. Erie Ry., 230 F.2d 658 (3d Cir. 1956); see also Overland Const. Co. v. Sydnor, 70 F.2d 338 (6th Cir. 1934); A. H. Bull, S.S. Co. v. Ligon, 285 F.2d 936 (5th Cir. 1960).

band's status as a member of the Armed Forces, and that such services constitute a form of compensation to him, we hold that the collateral source rule does not apply to the value of the medical services appellant received from the Air Force medical facilities at Elmendorf. Thus, the superior court's reduction of judgment by $400, the value of the past medical services, was proper.

■ The superior court's reduction of judgment by the value of the future medical services, however, is more problematical. Appellant maintains that even if the collateral source rule does not apply to the value of her past medical services, she is still entitled to recover for the value of her future medical care and treatment. We agree. Clearly, appellant is not obliged, either by statute or common law, to seek her future medical care or treatment at a military medical facility.[7] She testified at trial that upon her husband's reassignment to New Mexico, she intended to have the back operation performed by a private physician. No testimony was adduced at trial to indicate that Mrs. Aydlett would continue to receive part or all of her future medical care and treatment at a military medical facility. Accordingly, we hold that the superior court's reduction of judgment by the value of $5,000 for future medical services was error.

■ Reversed and remanded to the superior court with instructions to increase the amount of the judgment entered below by $5,000.[8]

ERWIN, J., not participating.

7. See Feeley v. United States, 337 F.2d 924 (3d Cir. 1964); Christopher v. United States, 237 F.Supp. 787 (E.D.Pa. 1965).

8. We have not overlooked the probability that Sgt. Aydlett's motion to reduce his wife's judgment was not realistically in his financial interest. Testimony at trial indicated that Mrs. Aydlett had frequently worked during her years of marriage to Sgt. Aydlett in order to supplement the family income. Thus, appellee's motion to reduce judgment raises the possibility of conflict of interests between him and a nonparty which may be the real party in interest in this action. Ordinarily, in personal injury litigation, the real party in interest rule creates no difficulty as long as the interests of the insured tort-feasor and his insurer are compatible. In such cases there is little to be gained by introducing insurance into the proceedings. However, where the case involves an intra-family tort action, the trial judge must take care to assure that the actual interests of all parties are fairly represented. We note that at least one jurisdiction has approved, by judicial decision, a direct right of action for the injured party against the tort-feasor's insurer. Shingleton v. Bussey, 223 So.2d 713 (Fla.1969). Here, however, this matter was not raised at trial or properly preserved for appeal, and need not be considered now.