**Wilfred POULIN, Appellant,**

v.

**Dr. Harvey ZARTMAN, Appellee.**

**Dr. Harvey ZARTMAN, Cross-Appellant,**

v.

**Wilfred POULIN, Cross-Appellee.**

**Nos. 2120, 2127.**

Supreme Court of Alaska.

April 19, 1976.

Theodore R. Dunn and Warren W. Matthews, Jr., of Matthews, Dunn & Baily, Anchorage, and James Parrish of Parrish & Parrish, Fairbanks, for appellant cross-appellee.

James J. Delaney and Robert L. Eastaugh of Delaney, Wiles, Moore, Hayes & Reitman, Anchorage, for appellee cross-appellant.

## OPINION ON REHEARING

Before: RABINOWITZ, C. J., CONNOR, J., and STEWART, Superior Court Judge.

CONNOR, Justice.

██ Both parties have filed petitions for rehearing. We must deny Dr. Zartman's petition. It is asserted therein that we misconceived or overlooked material facts concerning the supervision question. The facts alluded to in the petition for rehearing were considered by us in rendering our initial opinion on appeal. Arguments as to whether his supervision was sufficient and proper should be reserved for presentation to the jury upon retrial.

Similarly, we were aware that Poulin's Proposed Instruction No. 8 could not have been delivered in the form offered; but Dr. Zartman's argument that, therefore, the contents of the instruction should not have been considered by the trial court were fully briefed and considered on appeal. No new argument, not already considered, is presented in this respect.

██ Poulin's petition urges several grounds for rehearing. We believe Dr. Zartman's "test down" method is sufficiently clear that no further explanation is required to enable plaintiffs to conduct their case upon retrial. We deny rehearing as to this issue.

██ We grant rehearing as to whether evidence of Dr. Zartman's insurance should have been presented to the jury, since we find that this issue was raised at trial. The traditional practice in Alaska is not to admit such evidence. *See Bertram v. Harris*, 423 P.2d 909, 918 (Alaska 1967); *Mallonee v. Finch*, 413 P.2d 159, 163–64 (Alaska 1966).[1]

██ In our view the evidence is irrelevant to establishing either negligence or damages. Moreover, the admission of such evidence would pose a danger of its misuse by the jury, which far outweighs the value of such evidence. 2 J. Wigmore, Evidence § 282a, at 133–134 (3d ed. 1940); C. McCormick, Evidence § 201, at 479 (2d ed. 1972); *Allison v. Acton-Elheridge Coal Co.*, 289 Ala. 443, 268 So.2d 725 (1972). The ability to respond in damages should have no bearing on the fault-finding process. Since a defendant's insurance coverage is irrelevant to the issue of fault, the jury should not consider it at all, and the introduction of any evidence on the point by either party should not be permitted unless in some extraordinary case its relevance should outweigh its prejudicial nature. In the case at bar, this evidence was properly excluded.

██ We find we must also grant rehearing on the issue of prenatal care. We have already held that prenatal care is irrelevant to the jury verdict, and hence was erroneously admitted at trial. *Poulin v. Zartman*, 542 P.2d 251, 260 (Alaska, 1975). We discover, however, that in discussing the testimony of Dr. Renn, defense counsel did draw the attention of the jury to lack of prenatal care.[2]

We do not believe that this reference to the matter was such as to make the error,

---

1. *Aydlett v. Haynes*, 511 P.2d 1311, 1315 n. 8 (Alaska 1973), contains a dictum indicating that evidence of insurance might be admissible should there be a conflict of interest between a party and his insurance carrier. Here, however, there is no conflict between Dr. Zartman and his insurance company, so that the policies behind the real party in interest rule are inapplicable. As we said in *Aydlett*, where there is no conflict of interest "there is little to be gained by introducing insurance into the proceedings." *Id.*

2. Counsel stated at final argument:
   "Dr. Claire Renn . . . described the prenatal care that is normally given when a patient came in, and she indicated a decrease in the prematurity if there is prenatal care by approximately two-fifths. If a mother has assistance for premature birth, including pelvic discomfort or severe back pain, well, then the mother is brought in—the expected mother is brought in. She's given bed rest, she's given sedation. And her testimony was they feel they have a fair chance of success of stopping

in admitting evidence about prenatal care, reversible. We still deem the error harmless under the standards of *Love v. State*, 457 P.2d 622, 630 (Alaska 1969).

Our previous decision remains unmodified.

BOOCHEVER, ERWIN and BURKE, JJ., not participating.

> premature labor, if the mother is in—even in contraction . . . . Dr. Renn testified that she had first seen Mrs. Poulin approximately a half hour before she gave birth.
>
> This transcript was never certified as part of the record on appeal. It appears that it was prepared after the original record was certified. On our own motion we have ordered this transcript certified and transmitted as a supplemental record under Alaska App.R. 9(h).