David W. LUCE, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 81–C–980.

United States District Court, E. D. Wisconsin.

April 19, 1982.

Edward F. Neubecker, Milwaukee, Wis., for plaintiff.

William E. Callahan, Jr., Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

On July 29, 1981, plaintiff David Luce instituted this action under the Federal Tort Claims Act (FTCA) alleging that agents of the defendant United States of America (the Government) committed medical malpractice and injured him during surgical circumcision procedures. Plaintiff, who was a United States Navy serviceman at the time of the circumcision, was operated on by Navy doctors at the Naval Regional Medical Center at Great Lakes, Lake County, Illinois, on or about August 28, 1980.

Currently pending before the Court is the Government's motion to dismiss. The Government contends this action is barred by the *Feres* Doctrine—the rule of law first enunciated in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which bars actions against the United States under the FTCA "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146, 71 S.Ct. at 159.

Plaintiff opposes the motion. He maintains that his injuries were not incurred incident to military service and, therefore, that the *Feres* Doctrine does not apply in this action.

### I. *Background*

In opposition to the Government's motion, plaintiff has submitted an affidavit in which he sets forth in more detail the events surrounding his operation. For the purposes of this motion, the Court accepts plaintiff's averments as true.

In August of 1980, while a serviceman in the United States Navy attached to the naval base at Great Lakes, plaintiff was

advised by medical personnel to undergo a surgical circumcision. At that time, plaintiff was attached to the transit personnel unit (TPU) at the naval base. On August 27, he was released from the TPU and admitted to the Naval Regional Medical Center at the naval base. On August 28, Dr. M. Ansari performed a surgical circumcision on him. On August 29, plaintiff was released from the medical center and returned to the TPU.

On August 30, plaintiff was again released from the TPU and readmitted to the medical center for treatment of post-operative hematoma. On September 1, he was released from the medical center and granted a five-day convalescent leave. Four days later, September 5, plaintiff was discharged from the Navy.

On September 8, 1980, plaintiff entered St. Joseph's Hospital in Chicago, Illinois, for treatment of post-operative complications. Plaintiff had corrective surgery in February 1981 at Columbia Hospital in Milwaukee, Wisconsin.

## II. Ripeness of Government's Motion

■ Before resolving the pending motion, the Court must address a preliminary matter. Plaintiff commenced this action on July 29, 1981. The Government filed its motion to dismiss October 15, 1981. The following day, plaintiff requested copies of all documents which record his service and medical treatment in the Navy. On November 5, 1981, the Court granted plaintiff a thirty-day continuance to respond to the Government's motion because he had not yet received his service records. In his affidavit dated December 1, 1981, plaintiff stated that he had not yet received the requested documents.

Despite the absence of plaintiff's actual records, the Court is of the opinion that the Government's motion is ripe for decision at this time. In his brief in opposition to the Government's motion, plaintiff states that, if permitted, he would testify that he was permitted to be absent from his regular duties for the three-day period during which the allegedly negligent surgery was performed and that he was granted a five-day convalescent leave for his remaining week in the Navy prior to discharge. Because the Court has stated it will accept plaintiff's averments as true, it will not be necessary to await the documents verifying his statements.

In resolving the Government's motion to dismiss, the Court has considered plaintiff's affidavit. Accordingly, it will treat the Government's motion as a motion for summary judgment. See, Rule 12(b) of the Federal Rules of Civil Procedure.

## III. The Feres Doctrine

As stated earlier, the *Feres* Doctrine bars actions against the United States under the FTCA "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159.

The *Feres* decision resolved three appeals, two of which involved medical negligence claims. In *Jefferson v. United States*, 77 F.Supp. 706 (D.C.Md.1948); aff'd 178 F.2d 518 (4th Cir. 1949), the plaintiff, while in the Army, was required to undergo a gallbladder operation. About eight months later, in the course of another operation after plaintiff was discharged, a towel 30 inches long by 18 inches wide, marked "Medical Department U.S. Army," was discovered and removed from his stomach. The complaint alleged the towel was negligently left there by an Army surgeon. In *Griggs v. United States*, 178 F.2d 1 (10th Cir. 1949), the plaintiff, as executrix of the estate of Dudley R. Griggs, instituted an action under the FTCA for death of the deceased, an Army officer, allegedly caused by negligence of medical personnel in an Army hospital.

Notwithstanding the similarities between the two cases discussed above and this action, plaintiff contends the *Feres* Doctrine is not applicable because he was absent from his regular duties at the time of his operation and received a five-day convalescent leave after the operation. He further contends his complaint does not conflict with the military discipline policy considerations underlying *Feres* because it alleges

only medical malpractice and does not directly implicate the actions or judgment of his commanding officers. Plaintiff further argues that the test the Court should apply is "whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred." *Rayonier, Inc. v. United States*, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957). Finally, he contends relief in this Court is appropriate because his application for veterans benefits was denied.

■ Initially, the Court rejects plaintiff's contention that the *Feres Doctrine* does not apply because he was absent from his regular duties at the time of his operation and received a five-day convalescent leave after the operation. Neither absence from his regular duties nor his convalescent leave changed the nature of his status. Prior to, during, and after his operation, plaintiff was still a Navy serviceman. Furthermore, one would expect a serviceman to be relieved of his regular duties for an operation and convalescent period.

■ The Court also rejects plaintiff's contention that this action is distinguishable from *Feres* because his complaint alleges only medical malpractice and does not directly implicate the actions or judgment of his commanding officers. The Supreme Court's refusal to recognize such a distinction when confronted with the medical negligence claims in *Feres* leads the Court to conclude plaintiff's policy argument is without merit.

■ Plaintiff's contention that the Court should look to state law to determine whether a private person would be responsible for similar negligence also is meritless. In enunciating the *Feres Doctrine*, the Supreme Court stated that it would make no sense to apply state law in servicemen's tort claims because a soldier on active duty has no choice of where he is located. *Feres*, 340 U.S. at 143, 71 S.Ct. at 157–158. Accordingly, plaintiff's reliance on *Rayonier*, a case not involving a serviceman, is misplaced.

■ The Court also rejects plaintiff's argument that it should allow his claim to go forward because he has been denied veterans benefits. Although his application for benefits was initially denied, his appeal of that decision is pending. Consequently, it is not even certain that his claim will be denied. Furthermore, that the Veteran's Administration may ultimately reject plaintiff's claim does not affect the applicability of the *Feres Doctrine*.

■ Having rejected defendant's attempts to distinguish this action from *Feres*, the Court must still address the question whether the *Feres* doctrine applies in cases involving elective, as opposed to required, surgery. To make this determination, the Court turns to two Seventh Circuit decisions relied upon by the Government: *Buer v. United States*, 241 F.2d 3 (7th Cir. 1957); and, *Herreman v. United States*, 476 F.2d 234 (7th Cir. 1973).

In *Buer*, the court of appeals affirmed the district court's order dismissing for failure to state a claim the complaint of a serviceman on leave who was negligently treated in a military hospital following an automobile accident involving civilian vehicles on a public highway. In reaching that decision, the court stated the following:

> Plaintiff insists that the injuries complained of in the case at bar did not arise out of his military service because when he was injured on the highway he was on leave. However, plaintiff is not here suing the person who caused his injuries on the North Carolina highway. His claim is based upon alleged malpractice of the army surgeon who operated upon him after he had been returned to the hospital at the Post where he was assigned for military duty. . . .
>
> Here we have the "army surgeon's slip of the hand." [referred to in *Feres*] Plaintiff was in the army hospital at Fort Bragg because he was a member of the armed forces of the United States located at that station. Under army regulations, he was no longer on leave. We hold the rule in Feres . . . is applicable and the judgment dismissing the complaint is affirmed. 241 F.2d at 6.

Like the plaintiff in *Buer*, the plaintiff in this action based his claim upon the alleged malpractice of a service surgeon operating on him for a condition not related to his status as a serviceman. As in *Buer*, plaintiff was in a Government hospital and operated on there because he was a member of the armed forces of the United States.

*Herreman* also supports the Government's position. In that action, survivors of an off-duty National Guard officer killed in the crash of a military aircraft on which he was flying for free brought an action under the FTCA. Chief Judge Reynolds of this district granted the Government's motion for summary judgment on the basis of the *Feres Doctrine* even though the decedent was not on active duty and was pursuing a purely pleasurable activity at the time of his death. *Herreman v. United States*, 332 F.Supp. 763 (E.D. Wis. 1971). In reaching that decision, Judge Reynolds interpreted prior decisions within the Seventh Circuit as holding:

> [E]ven if a soldier is on leave or off duty, alternatively (1) if the soldier is injured taking advantage of military privileges generally restricted to the military and not generally permitted civilians, or (2) if the soldier is injured while under military jurisdiction, then (whichever way the rule is phrased) he will be barred from suing the Government. *Id.* at 766.

In affirming the district court's decision, the court of appeals quoted the portion of Judge Reynolds' decision quoted in this memorandum and went on to hold that plaintiff's activity at the time of his death was incident to his service even though he was pursuing purely pleasure activities. 476 F.2d at 235.

Because plaintiff in this action was injured taking advantage of military privileges generally restricted to the military and not generally permitted civilians, the Court is of the opinion *Buer* and *Herreman* are controlling. Accordingly the Government's motion for dismissal, which this Court has treated as a motion for summary judgment, must be and is hereby GRANTED.

Based on the foregoing, the Court orders this action dismissed with prejudice.